EDWIN E. KENDALL

v.

SAMUEL A. BROWN.

| 86 | 387 |
| 122 | 245 |
| 86 | 387 |
| 145 | 556 |

1. EVIDENCE — *to show negligent and unskillful treatment of fractured limb.* In a suit against a physician and surgeon for negligent and unskillful treatment of one in the reduction of a fractured limb, evidence as to the treatment of the plaintiff for bilious attacks caused in whole or in part by the shock to the system resulting from the fracture, and the confinement necessarily following, or induced by any other cause, is pertinent and proper, as showing whether the proper treatment was employed to effect a speedy and permanent restoration of the fractured limb.

2. INSTRUCTION — *may be limited by others when too general.* Although an instruction, considered by itself, is too general, yet if it is properly limited by others given on the other side, so that it is not probable it could have misled the jury, the judgment will not be reversed on account of such instruction.

APPEAL from the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. MILLER & FROST, for the appellant.

Messrs. DOUGLASS & HARVEY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal brings before us the record in an action on the case, in the court below, by appellee against appellant, for malpractice.

Appellee, in November, 1872, having broken his leg, by accident, employed appellant, a physician and surgeon, to reduce the fracture and treat him on account thereof. Appellant attended upon and treated appellee, under this employment, from the 3d or 6th of November until the 1st of the following December, when he was discharged and another surgeon employed. Appellee suffered long and severely; the leg that was fractured is now shorter by considerable than his other leg, and he is permanently disabled in that limb to an extent that prevents his pursuing, with

any degree of success, all avocations requiring much walking — all, as he claims, in consequence of the unskillful and negligent professional treatment of appellant.

The case was before us at the September term, 1874, on the appeal of the present appellant, and was reversed for error of the court below in refusing to give to the jury an instruction asked by him. The evidence on the last trial was, in general, but slightly different from that on the former trial, though we think something more favorable to appellee. But one instruction was given, at the instance of appellee, and that is as follows :

" If the jury believe, from all the evidence in this case, that the plaintiff, having broken his leg, employed the defendant as his physician and surgeon, to set and attend to the same, and that the defendant, holding himself out as a physician and surgeon, undertook and entered upon such employment, and for a considerable time had charge of the same, then the plaintiff was entitled to receive the care, attention and skill of an ordinarily skilled physician and surgeon. And if, from the evidence in this case, the jury believe that said plaintiff did not receive from the defendant such care, attention, and skill, and that in consequence of not receiving the same, and without fault on his part, suffered increased pain, suffering, and injury, then the jury are instructed that the defendant is liable, and the jury will render a verdict for the plaintiff, and assess his damages as found from all the evidence in the case, at some amount not exceeding the three thousand dollars claimed by the plaintiff in his declaration."

Appellant makes no objection to this instruction as a general statement of the law, but insists that it was not properly limited, because the charge in the declaration relates only to " the improper setting and bandaging of the broken limb, and keeping the bones in place, and using proper splints and supports, etc., for this purpose ; the application of improper splints ; the neglect to make proper extension of the leg, and so carelessly, negligently and unskilfully

treating and attending said leg that the plaintiff lost the use of his leg," etc. ; but that there was also introduced a considerable amount of evidence upon the trial "as to the general treatment by the appellant of the appellee during two bilious attacks, and in respect to his general health, and the administration of various remedies for his bilious condition and sickness." And it is therefore argued that the jury should have been limited, in their investigation, to the specific charges in the declaration, while by this instruction they were authorized to regard and take into consideration the evidence as to the treatment for the bilious attacks, etc.

The evidence in regard to appellee's general health, his bilious attacks and the treatment therefor, seems to have been admitted without objection — at all events, its admission is not insisted on as error. If it was not pertinent to the issue, its admission should have been objected to ; but we think it was pertinent, and liable to no objection. The bilious attacks were supposed by the witnesses to have been caused in whole or in part by the shock to the system resulting from the fracture, and the confinement necessarily following ; but from whatever cause, the question was, whether treating the bilious attacks in the way they were treated was the proper treatment in order to effect a speedy and permanent restoration of the fractured limb. There was evidence that appellant gave appellee a preparation composed in part of calomel, and his excuse for so doing was the bilious condition of appellee ; and there was other evidence that this was improper treatment, because the tendency of calomel is to destroy the plastic lymph, through the agency of which the first union of the fractured parts is effected. So, it is manifest the evidence was pertinent under the charge in the declaration of negligent and unskillful treatment ; and, being pertinent, it was just as proper for the consideration of the jury as any other evidence in the case. But, even if the instruction were obnoxious to the charge of being, when considered by itself, too general, it is so limited by the first instruction, given at

the instance of appellant, that it is not probable it could have misled the jury. That instruction is:

"The jury are instructed, on behalf of the defendant, that the plaintiff in this case is bound to prove to the satisfaction of the jury, by a preponderance of evidence, some one or more of the charges of negligence contained in the declaration, and that these charges relate to the setting or reducing the fracture of the plaintiff's leg, and also to the subsequent treatment thereof, and unless the jury are satisfied by the evidence in this case that the leg was not properly set in the first instance, or that the subsequent treatment of the leg, by the defendant, was unskillful and improper, to such an extent as to show actual want of ordinary or reasonable skill, or care and attention to said leg, so that in consequence of such want of reasonable skill or care on the part of the defendant the leg was injured or shortened, or plaintiff thereby sustained damage or injury in respect to said leg, then it will be the duty of the jury to render a verdict in favor of the defendant."

There is no repugnancy between appellee's instruction and this, and this supplements what is claimed to be omitted in that.

There were seven instructions, several of them lengthy, given at appellant's instance, presenting every plausible phase of his case as favorably as he could desire it should be presented, and it is impossible to say that the legal aspect of his case was not fully and fairly presented to the jury.

We have carefully read all the evidence, and also the lengthy and very able argument of appellant's counsel, and their reply to the argument of appellee's counsel, and, having done so and given the question full consideration, we are not convinced that we ought to disturb the judgment purely on the question of fact. The evidence is voluminous, and its discussion at length can subserve no useful purpose here. It is sufficient to say, there was evidence tending to show that appellee did not receive from appellant the care, attention and skill of an ordinarily skilled physician and

surgeon ; and, although there was evidence strongly tending to prove the opposite, the preponderance that way is not sufficient to warrant us in interfering.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice Craig, having been of counsel for appellee in the circuit court, took no part in the consideration of the case.