## JAMES S. SCHERMERHORN

### v.

## RANDALL CASSEM ET AL.

SETTLEMENT AND SATISFACTION—REPLEVIN.—The testimony showed conclusively, that after the alleged wrongful taking, plaintiff in error and defendant in error met, and had a settlement of matters, growing out of the taking of the proper.y, in which defendant in error surrendered the note of plaintiff in error, gave him $20 in money, and retained the prop rty. The possession of the property by defendant in error was thereafter lawful, and replevin would not lie. Even if plaintiff in error desired to repudiate the settlement, he could not maintain replevin, without first returning the note and money, and making demand for the property.

ERROR to the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed October 11, 1881.

Mr. B. F. PARKS, for plaintiff in error; that if a mortgagee of personal property takes possession under the insecurity clause, he must prove affirmatively that he felt unsafe or inse-

cure, cited Furlong v. Cox, 77 Ill. 293; Davenport v. Ledger, 80 Ill. 574.

A note given in pursuance of an agreement, to compound a felony, is void : Chitty on Contracts, 743; Hinds v. Chandler, 6 N. H. 225; 1 Parsons on Contracts, 456; 2 Abbott's Dig. 234.

Mr. A. E. Searls, for defendant in error; that if the evidence tends to sustain the verdict it will not be disturbed, cited Wiggins' Ferry Co. v. Higgins, 72 Ill. 517; Kightlinger v. Egan, 75 Ill. 141; Ottawa v. Sweely, 65 Ill. 434; C. & N. W. R. R. Co. v. Ryan, 70 Ill. 211.

The exclusion or admission of evidence which works no injury is an immaterial error: Lettick v. Honnold, 63 Ill. 335; Reynolds v. Palmer, 70 Ill. 288.

Instructions not based on evidence should be refused: Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; Alexander v. Mt. Sterling, 71 Ill. 366; I. & St. L. R. R. Co. v. Miller, 71 Ill. 463; Nichols v. Bradsby, 78 Ill. 44; Plummer v. Rigdon, 78 Ill. 222; Wenger v. Calder, 78 Ill. 275; Gardner v. Russell, 78 Ill. 292; Paulin v. Howser, 63 Ill. 312.

An unambiguous contract must be enforced according to its legal effect: Walker v. Tucker, 70 Ill. 527; Canterberry v. Miller, 76 Ill. 355.

As to estoppel: Hunter v. Bryden, 21 Ill. 592; Steward v. Metcalf, 68 Ill. 109; Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Herman on Estoppel, 232.

A mortgage given under threats by a creditor of a criminal prosecution unless the debt be secured, is not void if the debt was actually due and the debtor in duty bound to pay it: 1 Jones on Mortgages, § 3626; 2. Words C. C. 372.

Pillsbury, J. Action of replevin with count in trover, the property not being found, and a verdict and judgment for defendants. It appears from the evidence that the plaintiff, Schermerhorn, on Oct. 11th, 1877, executed a chattel mortgage upon the property in controversy to the defendant in error, Randall Cassem, to secure a note for $185. It is claimed by the plaintiff in error that this mortgage was executed by him

to compound a criminal offense, and therefore void. Before the note became due, the mortgagee took possession of the property mortgaged, claiming that the condition in the mortgage that the plaintiff in error should keep the property insured, had not been complied with, and under the terms of the mortgage he had the right to take the property into his possession.

The property was taken in February, 1878, and this suit was commenced in February, 1879, and founded upon the alleged wrongful act in taking the property under said mortgage. The plaintiff in error bases his right of recovery upon the invalidity of the mortgage, and gave evidence tending to prove his theory of the case, that the note and mortgage were given to compound a criminal offense, and urges with much persistency in this court, that the court below improperly instructed the jury upon this branch of the case. We have carefully examined the error assigned, and agree with his counsel, that some of the instructions for the appellee are not a fair statement of the law upon this point, and we should, perhaps, feel constrained to reverse the judgment for such error, did it not appear clearly from the record that the plaintiff cannot recover in this action.

It appears very conclusively from the testimony of the defendant, Randall Cassem, and of Jeremiah Everts, County Clerk of Kendall county, who is a disinterested witness, that a few days after the property was taken under the mortgage, the parties met at the office of Everts and had a settlement of the dispute growing out of the action of Cassem in taking the property. At this time, Cassem, in settlement of the matter, took the horse and buggy mortgaged, surrendered up to the plaintiff in error the note for $175, gave him $20 in money, and let him have the harness for five dollars. The testimony of these witnesses stands uncontradicted in the record, and we take the fact as proven that such settlement was had. This being the fact, the possession of the property by Cassem thereafter was lawful, and could only become wrongful, even if plaintiff in error desired to repudiate the settlement, and rely upon the original taking to recover, after a demand upon Cas-

G. & S. W. R. R. Co. v. Ennor.

sem by Schermerhorn to deliver the property and a refusal upon his part so to do. He should have offered to return the note, money and harness, and demanded the property, even if his theory of the case be correct.   Moriarty v. Stafferon, 89 Ill. 528.

It so clearly appearing for the above reason that the plaintiff cannot recover, as there is no pretense that any such offer or demand was made before bringing suit; the judgment cannot be reversed although some of the instructions given on behalf of the prevailing party were erroneous.   Parker v. Fisher, 39 Ill. 164; Kendall v. Brown, 86 Ill. 387.

We discover no error in the record prejudicial to the plaintiff in error, and the judgment will therefore be affirmed.

Judgment affirmed.