LEVI L. GETCHELL *vs.* ALFRED H. LINDLEY, Administrator,
and another.

November 5, 1877.

Sufficiency of evidence to sustain a verdict considered, and held sufficient.

Action for alleged malpractice in the setting and treatment of plaintiff's arm. The jury rendered a verdict for plaintiff for $7,000. The defendants moved for a new trial, but the plaintiff having consented to a reduction of the verdict to $5,200, the motion was denied. Defendants thereupon appealed. In a former trial the plaintiff recovered a verdict for $4,000, but upon appeal the order of the court below · denying a new trial was reversed, and a new trial granted. See *Getchell* v. *Hill,* 22 Minn. 464.

*Geo. Bradley,* for appellants, argued that the verdict was excessive, and contrary to the preponderance of the evidence produced at the trial.

*W. E. Hale,* for respondent.

GILFILLAN, C. J.* When this cause was here for a review of the first trial, we ordered a new trial, because, as the case was then presented, it was apparent that in deciding what was the cause of the failure to effect a cure of plaintiff, and which could under the circumstances of the case be ascertained only by the opinion of men of science, the jury acted without regard to the testimony of the scientific witnesses. The character of the injury, of its treatment by defendants, and of the result of such treatment, were such that no one, not expert in the sciences of anatomy and surgery, could say what were the causes of failure to cure, or what was proper and what improper treatment. On the first trial, most of the expert witnesses testified that the treatment was good, and that the result to plaintiff's arm was not due to any want

*Cornell, J., having been of counsel, did not sit in this case.

of care or skill in such treatment. None of them testified directly and clearly that the treatment was bad, or that the failure to cure was owing to any unskilfulness or omission by defendants. The utmost that could be made of the expert testimony relied on by plaintiff, was that the defendants' mode of treating the arm was not the best that might have been adopted, which, if true, would not render defendants liable under the rule governing such cases. There was hardly a conflict of testimony.

The case is now presented very differently. It is true there are more experts who testify that the defendants' treatment of the arm was good, than testify to the contrary; but there are two reasons why the jury might give greater weight to the opinions of the latter than of the former. The opinions of those testifying that the treatment was good, is based mainly upon the defendants' statement as to the condition and appearance of the arm at different times, and as to what they did; and the opinions of the others, on the statement of plaintiff and his witnesses. There is some conflict in these statements, and if the jury found, as they might do, that the statement of plaintiff and his witnesses was correct, and the other incorrect, of course they would give greater weight to the opinions based on the correct statement. Again, the experts who testify to want of care and skill in the treatment, not only express their opinion clearly and unqualifiedly, but they fortify such opinion with reasons founded upon what appears to have been a very careful and thorough examination of the case, which undoubtedly added, in the estimation of the jury, much to the importance of their opinion. There was a fair conflict in the testimony of the experts, and there was no such preponderance as to enable us to say that the jury did not give to that kind of testimony due consideration. The verdict must stand. We see no error in the rulings of the court, nor in its instructions to the jury. The damages are large, but not so great as to suggest that the jury were

actuated by any other than a fair intention to compensate plaintiff for his injury.

Order affirmed.