### EDWARD TRACY, assignee of James Wiley, v. HERMAN HARTMAN.

This court will not interfere, on appeal, with the finding of a justice, unless it is such an obvious disregard of the weight of evidence as to create a conviction that it must have proceeded from passion, prejudice, corruption, or palpable mistake.

The justice returned that the testimony of two of the defendant's witnesses was given in a manner to deprive it of any weight, and this court refused to disturb the judgment, although, from the testimony returned, it probably would come to a different conclusion as to the facts from that arrived at by the justice.

APPEAL by defendant from a judgment of the Second District Court.

The action was brought to recover for ale sold and delivered to the defendant by the plaintiff's assignor. The sale and delivery, and amount due therefor, were proved by the testimony

Tracy v. Hartman.

of the plaintiff's assignor, corroborated by that of D. C. Fuller. On the part of the defendant two witnesses were called, whose testimony tended to show that the quantity delivered was less than claimed by plaintiff, and that defendant paid cash for all ale purchased.

The justice rendered judgment for the plaintiff, assigning as a reason, in his return, that, as the testimony was presented to him, he thought that of the plaintiff's assignor, corroborated as it was, entitled to greater credit than that of defendant's witnesses.

*George Carpenter*, for the appellant.

*Stillwell and Swain*, for the respondent.

DALY, J.—We have repeatedly held, that where the testimony is conflicting we will not interfere with the finding of the justice, unless we can come to the conclusion that the finding is such an obvious disregard of the weight of evidence as to create conviction in the mind of the appellate court that it must have proceeded from passion, prejudice, corruption, or palpable mistake. Such is not the present case. It was a case of contradictory testimony, involving the relative credibility of witnesses, a question which the justice, before whom the witnesses testified, was alone competent to pass upon. He has returned that the conviction made upon his mind was, that the testimony of the plaintiff's assignor was more reliable than that of the defendant, and that the testimony of two of the defendant's witnesses was given in a manner to deprive it of any weight. In such a case we will not interfere. We might, from the testimony as it is returned to us, draw a different conclusion, as to the facts, from that drawn by the justice, but that would not warrant us in reversing his judgment. The tribunal, whether it be a judge or a jury, before whom a question of fact is tried, upon conflicting testimony, is the one most competent to pass upon it; and a conclusion arrived at by such a tribunal is not to be disturbed, unless in case of obvious mistake, passion, prejudice, or corruption.

Judgment affirmed.