CHARLES B. WILLIAMS *vs.* JESSE GILMAN.

Kennebec. Opinion February 5, 1880.

*Veterinary Surgeon, — contracts of. Declaration. Testimony.*

In an action to recover damages caused by the alleged negligence and unskillfulness of a veterinary surgeon in gelding a colt; *Held*, that instructions to the jury, that it was the duty of the defendant to give the colt such continued further attention, after the operation, as the necessity of the case required, in the absence of special agreement or reasonable notice to the contrary, were correct, though the declaration only alleged a want of care and skill with reference to the operation itself.

The defendant having testified, on cross examination and without objection, that two colts gelded by him at about the same time and manner as the colt belonging to the plaintiff was gelded, had died; *Held*, it was erroneous to exclude inquiry on the part of the defendant's counsel as to the cause of their death.

A party cannot introduce testimony of collateral facts, which might prejudice, and then object to an explanation of them.

ON EXCEPTIONS from the superior court, Kennebec county.

Writ was dated October 1, 1877. Verdict was for plaintiff, and the defendant alleged exceptions.

The exceptions allege the following to have been a part of the testimony at the trial and the ruling of the court thereon:

*Jesse Gilman*, the defendant. *Cross interrogatories.*

*Question.*—Did you alter a colt for Melvin Gordon about that time? *Answer.* —Yes, sir, I did. *Question.* —Did he die? *Answer.*— He did. *Question.*—Did you alter one for Elbridge Allen the same day you altered the other one for Gordon?

*Answer.*—Yes, sir. *Question.*—You altered him the same as you altered that horse, didn't you? *Answer.*—Yes, the same way.

*Redirect. Question.*—You were inquired of in relation to some colts that you altered of other parties? *Answer.*—Yes sir, Gordon and Allen. *Question.*—You said they died? *Answer.*—Yes, sir. *Question.*—What did they die of? [Objected to and excluded.] *Question.*—Whether they had disease on them at that time, and if so, what was it? [Objected to and excluded.]

*Daniel C. Robinson,* for the plaintiff, claimed that the questions of counsel on the redirect examination of defendant, being seasonably objected to, were properly excluded, and contended that the rule referred to by counsel as laid down in *State* v. *Sargent,* 32 Maine, 429, is not applicable to this case, for the reason that the testimony called out on cross examination, which counsel desired explained, was itself irrelevant and would have been excluded if objected to when offered.

*Bean & Bean,* for the defendant.

SYMONDS, J.   This is an action to recover the damages caused by the alleged negligence and unskillfulness of the defendant, a veterinary surgeon, in gelding a colt belonging to the plaintiff.

We think the instructions to the jury in regard to the duty of the defendant to give continued attention to the colt after the operation, in the absence of a special agreement or reasonable notice to the contrary, were correct.   It is true, the declaration only alleges a want of care and skill, on the part of the defendant, with reference to the operation itself; but an allegation of negligence in this respect we think would be sustained by proof that the defendant failed to use such appliances or to prescribe such treatment as to one who exercised reasonable skill and care in his calling were obviously necessary to preserve the colt from injury resulting from the operation.   Without some order from the plaintiff to the contrary, or some notice from defendant or agreement of parties, limiting the defendant's liability and specifying to what extent his services were to be required and rendered, it was a part of the duty of such a practitioner, incident

to the performance of the operation itself, to direct what should be done to prevent the injurious results that might naturally follow, and to give his personal attention to such matters, so far as they fell within the ordinary scope of a veterinary surgeon's calling. Proof that he failed in these respects would sustain the allegation that he was guilty of negligence in his conduct with reference to the operation which he had been employed to perform.

There is no report of evidence, and nothing to show that the questions to certain witnesses who testified as experts, were objectionable. We assume that the hypothesis contained in the questions were framed with reference to the testimony, and were such as to enable the jury to get the opinions of the experts upon the issues of facts on which they were to pass. Nothing appears to the contrary.

We approach now the single point on which we think the learned judge, before whom the case was tried, erred in his ruling. While the defendant was on cross examination, in answer to direct questions and without objection, he testified that two colts, gelded by him, one on the same day, and the other at about the same time, and in the same manner as the colt belonging to the plaintiff was gelded, had died.

This testimony, called out by the plaintiff, could have had no other object or effect, than to prove, or tend to prove, the general unfaithfulness or unskillfulness of the defendant in his employment or occupation as a veterinary surgeon.

When, on redirect examination, the defendant was asked, of what disease these colts died, and whether they had disease upon them at that time, or not, the questions were excluded.

We think this was erroneous. If the jury were to have with them as a part of the evidence, the defendant's statement that two colts, gelded by him at about the same time and in the same way, had died, the witness had a right to say whether they died of disease, or as the result of the operation. If the testimony be called purely collateral, it was not for the plaintiff to call out collateral facts, which might prejudice, and then object to an explanation of them. "The rule that testimony collateral to the issue, cannot be contradicted, does not apply to testimony introduced by the opposite party, but is confined to testimony

introduced by cross examination of an opponent's witness, or otherwise, by the party which proposes to contradict it." *State* v. *Sargent,* 32 Maine, 431. Nor do we think such a piece of testimony can properly be treated as merely collateral, because it bears upon the general conduct of the defendant in the same respect as that in which, in a special instance, it is under investigation. It could not be, therefore, a matter resting wholly in the discretion of the presiding justice. It was the legal right of defendant to explain such damaging facts.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.