EDWARD BOOM, Respondent, *v.* WILLIAM REED, Appellant.

*Decision of a judge of the Albany City Court upon questions of fact — veterinary surgeon — the rule as to skill and diligence.*

The rule that the finding of a justice of the peace on a question of fact will not be interfered with, unless made with such an obvious disregard of the weight of evidence as to create a conviction that it must have proceeded from passion, prejudice, corruption or palpable mistake, applies to a finding upon a question of fact by a judge of the City Court of Albany.

The same rules are applicable to the case of a veterinary surgeon bringing an action to recover for the value of his services, as apply to other physicians and surgeons : he must possess and exercise a reasonable degree of learning and skill, and must use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge.

The fact that a veterinary surgeon, having undertaken the cure of a sick horse, left the horse in a critical condition, promising to call early the next morning, but neglected to ever call again, is such evidence of negligence as will prevent a recovery for his services.

The fact that a veterinary surgeon, in treating a horse, prescribes for one malady when the horse is suffering from another, constitutes a failure to exercise a reasonable degree of skill.

APPEAL by the defendant, William Reed, from a judgment of the County Court of Albany county, entered in the office of the clerk of that county on the 14th day of November, 1892, reversing, upon appeal, a judgment of the City Court of Albany in favor of the

defendant, rendered upon a trial in that court before one of the judges thereof.

*Thomas A. Murray*, for the appellant.

*William A. Allen* and *W. S. Hevenor*, for the respondent.

PUTNAM, J.:

This action was brought in the City Court of Albany to recover for services rendered, and medicines.furnished, by the plaintiff as veterinary surgeon, in attending upon a sick horse of the defendant, and on account of which plaintiff claimed judgment for ten dollars.

The defendant admitted the employment of plaintiff, but denied that the services rendered and medicines furnished were of the value of ten dollars. He also alleged lack of knowledge, unskillful treatment and negligence of the plaintiff in the treatment of said horse whereby said defendant was compelled to employ another veterinary surgeon, under whose skillful treatment the horse recovered.

On the trial the plaintiff was sworn as a witness and testified as to his attendance upon and furnishing medicine for defendant's horse, and as to the value of said services and medicine. He testified that he prescribed for inflammation of the bowels. On the part of the defendant evidence was produced tending to show that the horse did not have inflammation of the bowels, for which the plaintiff treated him. That the last time plaintiff visited the horse he was no better, and that Boom was informed of that fact. The horse was at that time throwing himself, getting up and throwing himself continuously. That one could hear him out on the sidewalk, and people complained of the noise. That defendant kept a man in attendance upon him. That the animal being in this condition, plaintiff left, agreeing to call again the next day very early, but in fact he never came. That plaintiff's last call was on Monday, and on Tuesday night defendant called in another veterinary surgeon.

The rule is well established that this court will not interfere with the findings of a justice on a question of fact unless made with such an obvious disregard of the weight of evidence, as to create a conviction that it must have proceeded from passion, prejudice, corruption or palpable mistake. (*Tracy* v. *Hartman*, 1 Hilt. 350 ; *Conklin* v. *Thompson*, 29 Barb. 218.)

Therefore, the city judge on the evidence in this case was at

liberty to find as facts, what the evidence produced by the defendant as aforesaid tended to show.

Doubtless the same rules are applicable to the case of a veterinary surgeon bringing an action to recover for the value of his services, as have been held applicable to other physicians and surgeons. He must possess and exercise a reasonable degree of learning and skill. He must use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge. (*Carpenter* v. *Blake*, 10 Hun, 358; *Hathorn* v. *Richmond*, 48 Vt. 557.)

I think on the evidence in this case the City Court could properly find want of care and diligence on the part of the plaintiff in treating defendant's horse, in fact great negligence. The evidence produced by defendant, which the trial judge had the right to believe, showed that plaintiff being called to treat the animal, and having undertaken its cure on the day of his last visit, the horse at that time being very ill, agreed to call the next morning early, but neglected to ever call again. I think the action of the plaintiff in leaving the animal he had assumed to take charge of in such a dangerous condition, and failing again to call, according to his promise, was such clear negligence as justified the judgment rendered by the trial court. (See *Williams* v. *Gilman*, 71 Maine, 21; *Ballou* v. *Prescott*, 64 id. 306.)

I am of the opinion also that the City Court on the evidence could properly determine that defendant's horse was suffering from an "impaction of the colon," instead of inflammation of the bowels, and, therefore, that the plaintiff, who prescribed for the latter disease, did not exercise a reasonable degree of skill in his treatment of the horse.

The questions in the case were of fact. There was evidence tending to sustain the judgment of the trial court. I think the judgment directed by him on that evidence should not have been disturbed.

It follows that the judgment of the County Court should be reversed, and that of the City Court affirmed, with costs in the County Court and in this court.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment of County Court reversed, and that of City Court affirmed, with costs in County Court and on this appeal.