JONES v. VROOM ET AL.

PHYSICIAN.

The employment of a physician to treat a patient afflicted with a fever imposes no duty upon him to provide the patient with a specialist for the treatment of another ailment.

*Error to the District Court of Arapahoe County.*

Mr. JOHN G. TAYLOR, for plaintiff in error.

Mr. OLIVER B. LIDDELL, for defendants in error.

THOMSON, J., delivered the opinion of the court.

In September and October, 1891, Isabella Jones was prostrate with typhoid fever in the city of Denver. She employed N. J. Vroom and F. J. Bancroft, a firm of physicians, practicing their profession in that city, to attend upon and treat her for her disease. She was in their care for about two months. While she was lying sick, her left eye was attacked by an affection which finally deprived it of the power of sight. She brought this action against Vroom and Bancroft to recover damages for the loss of the use of her eye, alleging that the deprivation was due to the negligent and unskillful treatment by the defendants of the disease from which she was suffering.

The evidence for the plaintiff consisted of her own testimony and that of two doctors—one, a physician in the general practice, and the other, an eye, ear and throat specialist. Her testimony was that both the defendants were in attendance upon her during her illness,—Dr. Bancroft for the first three weeks, and Dr. Vroom afterwards,—and that, as the result of their treatment, she was cured of typhoid fever. She stated that while Dr. Vroom was attending her she had a pain in her eye, and noticed that the sight was beginning to leave it; whereupon she told the doctor that she feared the loss or partial loss of her sight through the fever, and asked him to send her an oculist, so that her eye might have proper care; but he laughed at her and told her there was nothing the matter with her eye. However, on her repetition of the request, he promised to send her an oculist, but did not, stating he had forgotten the matter. At last the nurse who had charge of her telephoned for Dr. Coover, an oculist, who came in response to the message. She stated that Dr. Coover, upon examining her eye, said he could do nothing for her, but that if she had sent for him sooner he might have done something.

Dr. Hassenplug, the specialist, testified that he examined the plaintiff's eye in March, 1893. He said it showed a cataract almost completely formed, but that he was not able from his examination to determine its character, and would not undertake to say what caused it. The remaining witness, Dr. Johnson, testified that he did not make the eye a specialty, but that he had helped specialists in his general practice to operate on cataracts. His testimony was that typhoid fever, in its severe forms, in some cases, leaves injurious effects upon the eye. He gave an instance of a lady from Pueblo, who was sick with typhoid fever, and whom he attended, and in whose case a cataract was the direct result of typhoid fever. He testified to an examination of the plaintiff's eye, but did not state what was the nature of his examination, or what it disclosed. Upon the foregoing testimony the plaintiff rested her case, and was nonsuited on motion of the defendants. She has brought her case here by writ of error.

The plaintiff employed the defendants to treat her for typhoid fever. There was no evidence, and, in fact, no complaint, that they did not bestow upon her all the attention and skill which the nature of the disease and her condition required. Indeed, she stated herself that she was cured of the fever as a result of their treatment. How far, and under what circumstances, they might be responsible for any after effects of the disease, we shall not inquire, because there was no evidence whatever that the injury to the plaintiff's eye was the result of the fever. The only charge in the complaint which was proven was that Dr. Vroom failed to send her an oculist after he had promised to do so. The defendants were employed to treat her for fever, and their employment imposed no duty upon them to provide her with a specialist for her eye. She seems to have had no difficulty in procuring one when she set about it, and presumably he could have been gotten just as readily at first. The nonsuit was properly granted and the judgment will be affirmed.

*Affirmed.*