† SIMONDS *versus* HENRY.

A dentist is required to use a *reasonable degree* of care and skill in the manufacture and fitting of artificial teeth. The exercise of the *highest perfection* of his art is not implied in his professional contract.

EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT, for a full set of artificial teeth for defendant's wife.

The contract was made with the wife, for the manufacture of the teeth for a certain price, with the knowledge and assent of defendant.

When put into her mouth she complained that they felt odd and pained her. The plate was then somewhat filed, but she still complained, and declined to pay for them.

It was agreed, that she might take them away and return them on the Monday following, when she returned and said she knew she could never wear them. Something further was done to the teeth, but she declined to pay for them and left them, although plaintiff forbid her so doing and claimed his pay.

There was conflicting evidence whether the teeth fitted her mouth. By one it was testified, that they were a good piece of work; by another, that they were a fair average piece of work, and by a third that they were nothing extra.

Among other instructions the jury were told, *that* if the plaintiff had used all the knowledge and skill to which the art had at the time advanced, that would be all that could be required of him, and that they would determine from the testimony whether the teeth were properly made and fitted to the mouth.

The verdict was for the defendant, and exceptions were taken to the instructions.

*Barrows,* in support of the exceptions, cited *Lamphier & ux.* v. *Phips,* 8 Carr. & Payne, 475; *Sears* v. *Prentice,* 8 East, 348; *Hoacke* v. *Hooper,* 7 P. & C. 81; *McClellen* v. *Adams,* 19 Pick. 333; Chitty on Contracts, 553 and 4; 32 Eng. Com. Law, 512; *Edwards* v. *Cooper,* 14 Eng. Com. Law, 304; 3 Camp. 451, & 19; 6 Bing. 460.

*Gilbert, contra.*

APPLETON, J.— The law implies an undertaking on the part of apothecaries and surgeons, that they will use a reasonable degree of care and skill in the treatment of their

patients. Chitty on Contracts, 553. They are held responsible for injuries resulting from a want of ordinary care and skill. The highest degree of skill is not to be expected, nor can it reasonably be required of all.

The instruction given was, " that if the plaintiff has used all the knowledge and skill to which the art had at the time advanced, that would be all that would be required of him," &c. It is undoubtedly correct, that no more would be required of him. But upon legal principles could so much be required of him? We think not. If it could, then every professional man would be bound to possess the highest attainments, and to exercise the greatest skill in his profession. Such a requirement would be unreasonable.

The instructions given were erroneous and a new trial must be had.

*Exceptions sustained.*
*New trial ordered.*