By the Court.—Sedgwick, Ch. J.
In November, 1879, the plaintiff was taken involuntarily from her dwelling to the small pox hospital. This was effected by the action of a sanitary inspector, in conformity to the health law. The validity and regularity of his proceedings are not questioned in this case, excepting in one respect, namely, that when the inspector examined the plaintiff to ascertain if she had small pox, her appearance and symptoms did not justify him in thinking or deciding that she had.
If there was any case for his judgment, or any fact of appearance or symptom as to which a question of small pox or not could arise, his determination as to the legality or propriety of removal was final. The rule and its limitations are given in Underwood v. Green (42 N. Y. 140).
There was a case for his judgment in the eruption upon the skin of the plaintiff, and the history of the case as given by the plaintiff herself. It is clear to me, that the condition of the plaintiff, and particularly the *111 eruption as shown by herself, after the exact appearance of the eruption had been ascertained, made the question, and would necessarily make it to any physician, of whether it was a case of small pox. The law imposed upon the inspector the duty of adjudging as to this question of fact, and his decision of it was final, and no action, even irrespective of the statute giving inspectors immunity from actions, could be maintained against him.
This action is in reality placed by respondent’s counsel upon the proposition that the defendants are liable for the inconvenience and pecuniary loss the plaintiff suffered from the conduct of the inspector, which we have considered not to be actionable.
As matter of proof in this case, the defendants were not present when the removal was made. They had no part or lot in the execution of the report made by the inspector. Immediately before it was made, and while the inspector was examining the case, one of the defendants was with him at the bedside, and said to him, “ Did you notice her breath ? That was what convinced me more than anything else.” And one of the defendants had reported the case to the Board of Health, as one of small pox, and this was the occasion of the inspector examining the case. I cannot see that this was a wrong to plaintiff. It was an address to the judgment of a public officer bound to exercise that judgment. It was in the direction of enlightening that judgment. It was not an attempt to prevent the judgment. It was not an appeal to the officer not act upon his own observations and inferences. It is admitted that the defendants acted in good faith and without malice. It is not at all a case of conspiring with a public officer to use his power, irrespective of whether there is the legal occasion of such an use.
It is to be observed that it cannot be maintained that the action of the officer was caused by anything said or done by the defendants. The cause of that action arose *112 in the will "and judgment of the officer. Between the statements of the defendants and the forming of the officer’s judgment, there was not the relation of cause and effect.
Nor, as I view the case, can it be maintained that the defendants’ omission, if there were such an omission, to use ordinary skill as physicians, in coming to their opinions, was actionable under the facts in this case. There was no improper or hurtful treatment or medication, in pursuance of the opinions. These opinions led them to make an honest report to the Health Board. The statutes had made it their duty to report cases of contagious diseases. The performance of this duty was not part • of the functions of a physician in his relation to a patient, but rather to the public. My opinion is that in order to give the public the protection due to it, according to the intention of the statute, any physician that forms, in fact, an opinion that a patient has a contagious disease, is bound to report the case, whether he has or has not used ordinary professional skill and knowledge. A physician of skill in everything but cases of small pox, which happily are not numerous, may unexpectedly to himself be called to a case, which presents to him the appearance of small pox. It may be said that he can call in counsel. It cannot, however, be said that private counsel should be called in rather than such as the law has appointed. Certainly if he really thinks the case to be one of small pox, it is his duty to communicate his opinion to the public authorities who furnish skilled physicians peculiarly competent to pass upon the case. They are the experts that the law points out for the physician. The attendance of these- experts upon a patient can cause no injury, and thereafter, the responsibility rests solely upon the public officer.
For these reasons I am of opinion that the plaintiff had no cause of action, and that the complaint should have been dismissed.
*113 Judgment and order appealed from dismissed with costs to abide event, and new trial ordered.
Freedman, J., concurred.