WM. WHITESELL, Appellant, v. M. W. HILL.

**Physicians:** SKILL: *Malpractice.* The degree of knowledge, care, and skill required of a physician or surgeon is that which is ordinarily possessed by those practicing in similar localities, and is not necessarily limited to that which is in fact exercised in his particular locality.

HARMLESS ERROR. While this is the true rule, it is harmless to limit the required skill to the degree, in fact. exercised in that locality, where it appears that the doctors of that vicinity were educated and experienced.

DEGREE OF SKILL: *Instructions.* In an action against a physician for malpractice, the court charged that the physician must

101   629
115   352
d115  353
101   629
129   615
101   629
e132  418

exercise the average degree of skill possessed by physicians in his locality, and that negligence consists in the doing by defendant, in treating plaintiff, of some act which a physician possessing such average skill would not do under like circumstances, or the omission to do some act which such a physician would ordinarily do under such circumstances. *Held,* that the instructions were not inconsistent.

COUNTER-CLAIM FOR SERVICES: *Malpractice.* Though a physician was guilty of negligence in the treatment of a patient, he can recover for the value of his services, less the amount of damage suffered because of his negligence.

Instructions: APPLICABILITY. An instruction that plaintiff, who claims damages from a physician for improperly bandaging his arm was required to conform to all reasonable directions of the physician in regard to it, is proper, where defendant claims that his instructions, if followed, would have prevented the injury, and both parties have treated this question as in issue.

KINNE, C. J., dissenting.

*Appeal from Hardin District Court.*—HON. B. P. BIRD-SALL, Judge.

SATURDAY, APRIL 10, 1897.

ACTION at law, to recover damages for alleged malpractice by the defendant. There was a trial on the merits, and a verdict and judgment in favor of the plaintiff, from which he appeals.—*Affirmed.*

*J. H. Scales* for appellant.

The required degree of skill and diligence is the average of the profession generally, and not the average in a vicinity.

*Smothers v. Hanks,* 34 Iowa, 289 (11 Am. Rep. 141); *Peck v. Hutchinson,* 88 Iowa, 320; Deering, Torts, Cooley, Torts, 649; *Gramin v. Boener,* 56 Ind. 497; *Small v. Howard,* 128 Mass. 131 (35 Am. Rep. 363.)

It may be that actions *ex contractu* are maintainable for the recovery of special damages, resulting from a breach of duty founded on contract, even though injury to the person results.

2 Parsons, Contr. (6th Ed.), 56.

The works on torts take up the subject where the works on contracts drop it—not where an injury results to the person, whether inconsequential or considerable, though it be from the lack of skill—but where an injury results to the patient from the lack of ordinary skill and diligence, when the services are tortious in law and the physician is liable.

*Leighton v. Sargent*, 27 N. H. 460, 59 Am. Dec. 288; *Bute v. Potts*, 76 Cal. 304.

It is not the injury that results from treatment that makes it tortious, but the failure to exercise ordinary skill and diligence, and the injury renders the physician or surgeon liable because of the wrong; because it constitutes malpractice.

If in a single case any part of the services is so unskilful or negligent as to render the physician or surgeon guilty of malpractice, not mere errors in applying skill or exercising diligence, with resultant injuries, but a want of ordinary skill and diligence, he is not only debarred of the right of recovery therefor but liable for the consequent injury.

*Bellinger v. Craigue*, 31 Barb. 534; *Patten v. Wiggin*, 51 Me. 594, 81 Am. Dec. 593; *Sullens v. Chicago, R. I. & P. R. Co.*, 74 Iowa, 659; *Nelson v. Harrington*, 72 Wis. 591, 1 L. R. A. 719.

Physicians in small towns, or rural or sparsely settled districts, are bound to possess and exercise at least the average degree of skill possessed and exercised in such localities generally.

*Gramm v. Boener*, 56 Ind. 497; 14 Am. & Eng. Enc. Law, p. 79; *Kelsey v. Hay*, 84 Ind. 189; 1 Witthaus & Becker, Med. Jurisp., 79; *Pelky v. Palmer* (Mich.) 3 Det.

L. N. 198; *Small v. Howard*, 128 Mass. 131 (35 Am. Rep. 363); *Hathorn v. Richmond*, 48 Vt. 557; *Wilmot v. Howard*, 39 Vt. 447, 94 Am. Dec. 338; *Peck v. Hutchinson*, 88 Iowa, 320; *Howard v. Grover*, 28 Me. 97, 48 Am. Dec. 478.

Malpractice-surgery or treatment without ordinary skill that results in injury is a complete defense to an action for services by a physician and surgeon. The services are not only valueless but tortious.

*Huston v. Barstow*, 19 Pa. 169; 14 Am. & Eng. Enc Law, p. 84; *Nugent v. Boston, C. & M. R. Co.*, 80 Me. 62; *Gladwell v. Steggall*, 5 Bing. N. C. 733.

A physician and surgeon's right to recover for professional services performed, depends upon a contract, express or implied; but his liability for the lack of the application of "ordinary" skill or diligence in no manner depends upon or concerns such a contract of service, express or implied.

His right to compensation depends upon contract, express or implied.

18 Am. & Eng. Enc. Law, p. 432.

His liability depends on whether he has been guilty of a tort.

A failure to exercise ordinary skill (with or without the usual sequence—an injury) gives the services a character that deprives the physician of the right of recovery.

*Bellinger v. Craigue*, 131 Barb. 534; *Patten v. Wiggin*, 51 Me. 594, 81 Am. Dec. 593.

The liability of a physician or surgeon does not depend on the contractural relations with the patient.

*McNevins v. Lowe*, 40 Ill. 209; *Craig v. Chambers*, 17 Ohio St. 253; *Langolf v. Pfromer*, 2 Phila. 17.

A claim for professional services of a physician and surgeon and a claim against him for malpractice, in the same transaction, cannot co-exist.

*Patten v. Wiggin*, 51 Me. 594, 81 Am. Dec. 593; *Alder v. Buckley*, 1 Swan, 69; *Bellinger v. Craigue*, 31 Barb. 534; Wharton & Stille, Crim. Pros. and Actions for Torts, pt. II., section 1086; 3 Bl. Com. 117; 26 Am. & Eng. Enc. Law, p. 72. ·

*F. M. Williams* and *Albrook & Lundy* for appellee.

A judgment for services in favor of the defendant, would not be a bar to plaintiff, unless plead as a defense.

Code, 2522; *Pixler v. Nichols*, 8 Iowa, 106, 74 Am. Dec. 298; *McClay v. Hedge*, 18 Iowa, 66; *Byerlee v. Mendel*, 39 Iowa, 382; *Wolf v. Gerr*, 43 Iowa, 339; *Ætna Iron & S. Works v. Kossuth County*, 79 Iowa, 44.

A claim for service and a counter-claim of mal-practice existed.

*Lawson v. Conaway*, 37· W. Va. 159, 18 L. R. A. 627; *Gates v. Fleischer*, 67 Wis. 504; *Nelson v. Harrington*, 72 Wis. 597, 1 L. R. A. 719; *Hathorn v. Richmond*, 48 Vt. 557.

*Quasi torts* are a class of wrongs which lie in the borderland between contract and tort; and for which action *ex contractu* or *ex delicto* may be brought at the pleasure of the party injured. ⸗

Moak's Underhill, Torts (2d Ed.), 1881, chapter 23.

·There are authorities that hold; if it be impossible to separate the injury occasioned by the neglect of the plaintiff from that occasioned by the neglect of the defendant, the plaintiff cannot recover, but if they can be separated, for such injury as the plaintiff may show thus proceeded solely from the want of ordinary skill or ordinary care of the defendant he may recover.

*Hibbard v. Thompson*, 109 Mass. 286; *Lawson v. Conaway*, 37 W. Va. 159, 18 L. R. A. 627; 16 Am. & Eng. Enc. Law, pp. 443, 445.

ROBINSON, J.—In October, 1892, the plaintiff suf-
fered an oblique fracture of the humerus of the left
arm, at a point about three inches above the elbow; and
the defendant, a physician, was employed to reduce the
fracture.   He did so, and continued to treat the injury
at intervals until about the middle of December, 1892,
when it was regarded as healed.   The arm is now
crooked.   The plaintiff alleges that its condition is due
to negligent and unskilful treatment on the part of the
defendant, in consequence of which the fracture was
not properly reduced; that the parts of the bone did not
and could not unite, but remained out of place and dis-
connected, so that recovery was impossible; and that
the arm is left in a deformed and disabled condition.
The defendant denies the alleged negligence and lack
of skill in treating the injury, and avers that the con-
dition of the arm is due to a fall upon it after the
defendant had ceased to treat it; that by reason of the
fall the arm was injured and became bent; and that
its present condition is due to the negligence of the
plaintiff in failing to call a physician and have the
arm treated after the fall.   The defendant, in a coun-
ter-claim, seeks to recover forty-eight dollars for serv-
ices rendered in reducing and treating the fracture.
The verdict was for one dollar, and the judgment was
for that sum and costs.   This is the second submis-
sion of this case in this court.   After the opinion on
the first submission was filed, a rehearing was granted,
and the cause is again submitted for our consider-
ation.

I.   The court, in the fourth paragraph of its
charge, instructed the jury that it was the duty of the
defendant, under his employment, "to exercise
that degree of proficiency, skill, and care in the
treatment of the plaintiff's injuries that is ordi-
narily possessed, and exercised by men of average

skill, learning, and proficiency in the medical pro-
fession generally, in the vicinity of where the defend-
ant practiced, and was bound to possess and exercise
such degree of proficiency, skill, and care, both
in the reduction of the fracture of plaintiff's arm,
and in its treatment at the time and afterwards during
the course of his employment." In the fifth para-
graph the court further charged the jury that "negli-
gence, in this case, consists of the doing by the
defendant, in the treatment of the plaintiff's injury,
of some act which a physician and surgeon, possessing
the average proficiency, skill, and care of the medical
profession in the vicinity of defendant's residence
would not ordinarily do under like circumstances, or
the omission to do some act in such treatment, which
a physician or surgeon possessing such average profi-
ciency, skill, and care, would ordinarily do under like
circumstances." The application of the rule thus
given to the evidence in the case was then stated.
The appellant claims that the portions of the charge
thus given were conflicting and erroneous. We
do not think there is any material conflict
between them, but are of the opinion that the
rule in regard to proficiency, skill, and care required in
such cases was erroneously stated. In *Smothers v. Hanks*,
34 Iowa, 287, it was said that the skill and diligence
required is "that ordinarily exercised in the profession
by the members thereof, as a body,—that is, the average
of the reasonable skill and diligence ordinarily exer-
cised by the profession as a whole"; that, "in deter-
mining the ordinary skill, regard must be had to the
improvements and advanced state of the profession at
the time"; and that "it is also, doubtless, true that the
standard of ordinary skill may vary even in the same
state, according to the greater or lesser opportunities
offered by the locality for observation and practice,
from which alone the highest degree of skill can be

acquired." See, also, *Almond v. Nugent,* 34 Iowa, 300; *Peck v. Hutchinson,* 88 Iowa, 327 (55 N. W. Rep. 511). It was said in *Small v. Howard,* 128 Mass. 136, of a physician charged with malpractice, that "he was bound to possess that skill only which physicians and surgeons of ordinary ability and skill, practicing in similar localities, with opportunities for no larger experience, ordinarily possess." In *Gramm v. Boener,* 56 Ind. 497, it is said: "It seems to us that physicians or surgeons practicing in small towns or rural or sparsely-populated districts, are bound to possess and exercise at least the average degree of skill possessed by and exercised by the profession in such localities generally. It will not do, as we think, to say that, if a surgeon or physician has exercised such a degree of skill as is ordinarily exercised in the particular locality in which he practices, it will be sufficient. There might be but few practicing in the given locality, all of whom might be quacks, ignorant pretenders to knowledge not possessed by them; and it would not do to say that, because one possessed and exercised as much skill as the others, he could not be chargeable with the want of reasonable skill." See, also, *Kelsey v. Hay,* 84 Ind. 189; *Howard v. Grover,* 48 Am. Dec. 478, note; *Wilmot v. Howard,* 39 Vt. 447; *Pelky v. Palmer* (Mich.) 67 N. W. Rep. 561; *Tefft v. Wilcox,* 6 Kan. 46, 60. There are authorities which tend to support the rule as stated by the district court. *Gates v. Fleischer,* 67 Wis. 506 (30 N. W. Rep. 674; *Nelson v. Harrington,* 72 Wis. 591 (40 N. W. Rep. 228; *Lawson v. Conaway* (W. Va.) 16 S. E. Rep. 564; *Hathorn v. Richmond,* 48 Vt. 557; 14 Am. & Eng. Enc. Law, 78. But we are of the opinion that the correct rule is that a physician and surgeon, when employed in his professional capacity, is required to exercise that degree of knowledge, skill, and care which physicians and surgeons practicing in similar

localities ordinarily possess. We conclude, however, that the portions of the charge under consideration, although not correct, considered abstractly, could not have prejudiced the plaintiff. The evidence shows that there were several educated and experienced physicians and surgeons who practiced in Iowa Falls and vicinity. They are not shown to have been incompetent, and the presumption is that they had the average ability ordinarily possessed by men of their profession in similar localities. *Pelky v. Palmer, supra.*

II. The plaintiff complains of the sixth paragraph of the charge, on the ground that it refers to a matter not in issue. The complaint is not well founded. The paragraph instructed the jury that it was the duty of the plaintiff to co-operate with the defendant, and to conform to all of his reasonable directions in regard to the care and treatment of the injury, and that, if he had failed to follow such directions, he could not hold the defendant liable for injurious consequences for the failure. The plaintiff claims, that the defendant bandaged the arm in an improper manner, and that injury resulted. The defendant claims that he had given instructions in regard to the bandage, which, if followed, would have prevented the injury; and the paragraph of the charge in question was applicable to that controversy. It was treated by both parties as in issue, and it was not erroneous for the court to charge the jury with respect to it, and the statement of the law given, appears to be substantially correct, as applied to the facts of the case.

III. The eleventh paragraph of the charge to the jury is as follows: "You will determine the amount, if anything, due the defendant on his counter-claim, and after deducting the lesser from the greater amount, you will return your verdict for the difference,

if any, in favor of the plaintiff or defendant, as you find the fact to be. If you find nothing due either party, you will simply return a verdict in favor of the defendant." The appellant complains of this paragraph and urges that a valid claim for services rendered by a physician, and one for damages sustained by the patient in consequence of malpractice, cannot co-exist; that a recovery for one is a bar to a recovery for the other. Some authorities tend to support this claim. *Bellinger v. Craigue*, 31 Barb. 534; *Patten v. Wiggin*, 51 Me. 594. The thought of the appellant seems to be that the right of a physician to recover for services rendered rests upon a contract, and that, if he fails to use the requisite diligence and skill, he forfeits all right to a compensation. That is not in accord with the law and the practice of this state. It was held in *Pixler v. Nichols*, 8 Iowa, 107, that a person who has contracted to render services need not show that he has fully performed his contract, as a condition precedent to a recovery, but that he may show performance in part, and recover the value of the services rendered. That rule was followed in *McClay v. Hedge*, 18 Iowa, 66; *Byerlee v. Mendel*, 39 Iowa, 385; *Wolf v. Gerr*, 43 Iowa, 341; and *Ætna Iron & Steel Works v. Kossuth County*, 79 Iowa, 40 (44 N. W. Rep. 215). The principle upon which the rule rests has been recognized in other cases. The right of one party to a contract but partly performed by him, to recover the value of the services he has rendered, is subject to the right of the other party to a proper allowance for damages he may have sustained without fault on his part for the failure of the party seeking to recover to fulfill the agreement on his part. We do not know of any sufficient reason for not applying these rules to the contract between a physician and his patient. A physician may render service which in the main is all that is

required of him, but he may have been negligent in some particulars, to the injury of his patient, and in such a case a proper allowance for the injury should be made.   If the physician's treatment is so unskilful or negligent that the injury exceeds the value of his services, he should be permitted to show the value of the services, to reduce the amount for which he is liable.   And this is true whether the action against him for malpractice is regarded as founded upon contract or tort.   The claim of the defendant was properly set out as a counter-claim.   Code, section 2659.   And the charge to the jury required it, in fixing its verdict, to allow each party the amount to which the evidence showed him to be entitled on the claim he made.   The result thus sought was just to both parties, and should not be defeated by technical considerations.   The case of *Ressequie v. Byers*, 52 Wis. 650 (9 N. W. Rep. 779), supports our conclusion.

IV.   Other questions are discussed, but we do not find any of them of sufficient importance to require special mention.   We have examined all of them, but without finding any ground upon which the judgment of the district court should be disturbed, and it is therefore AFFIRMED.

KINNE, C. J. (dissenting).—I do not agree to the result reached in this case, and I especially dissent from the conclusion reached in the first division of the opinion.

NOTE.—*Degree of care and skill which a physician or surgeon must exercise.*

  I. *General duty of physician.*
  II. *What he undertakes to do.*
    a. *General statements.*
    b. *Does not undertake to cure.*
    c. *Special contract.*
  III. *Degree of care and skill required.*

IV. *Liable for what.*

    a. *In general.*

    b. *For ignorance.*

    c. *When he does not cause injury.*

    d. *For acts of others.*

    e. *For non-attendance.*

    f. *Errors of judgment.*

    g. *Giving instructions.*

V   *What are proper care and skill.*

VI   *Must follow established practice.*

    a. *In general.*

    b. *Of his own school.*

VII. *No presumption against him.*

VI'I. *Free service.*

IX. *General reputation.*

X. *Who judges of skill.*

XI. *Survival of action.*

## I.   *General duty of physician.*

When a physician is employed to attend upon a sick person, his employment continues while the sickness lasts, unless put to an end by the assent of the parties, or revoked by the express dismissal of the physician. The physician is bound to bestow such reasonable, ordinary care, skill, and diligence, as physicians in the same neighborhood, in the same general line of practice, ordinarily have and exercise in like cases. Time and locality are to be taken into account; and the physician is bound to exercise the average degree of skill possessed in such locality. In the absence of special agreement, his engagement is to attend the case as long as it requires attention, unless he gives notice of his intention to discontinue his visits, or is dismissed as aforesaid; and he is bound to exercise reasonable care and skill in determining when his attendance should cease. But his engagement is not to cure the patient; that is, he does not insure that his treatment will be successful. The mere failure to effect a cure does not even raise a presumption of a want of proper care, skill, and diligence. It is the duty of the patient to co-operate with the physician, and to conform to his prescriptions and directions, and if he neglect to do so, he cannot hold the physician responsible for his own neglect. On the other hand, he has a right to rely upon the instructions and directions of his physician, and incurs no liability by so doing. *Lawson v. Conaway*, 37 W. V. 159, 18 L. R. A. 627.

## II.   *What he undertakes to do.*

### a. *General statements.*

The contract of the physician is that he possesses that reasonable degree of skill, learning, and experience which is ordinarily possessed by others of his profession, and that he will use reasonable and ordinary care and diligence in the treatment of the case committed to him; that he will use his best judgment in all cases of doubt as to the best course of treatment. *Leighton v. Sargent*, 27 N. H. 460, 59 Am. Dec. 388.

The contract of a physician is that he possesses the ordinary knowledge and skill of members of his profession, and that he will use his best judgment and skill in deciding upon the nature of the disease, the best mode of treatment, and that he will at all times use reasonable and ordinary care and diligence in the treatment of the case. *Burnham v. Jackson*, 1 Colo. App. 237.

The physician assumes to possess that degree of learning and skill which is ordinarily possessed by members of his profession, and undertakes to use reasonable care and diligence and his best judgment in the treatment and application of such knowledge and skill in the treatment of the case. *Boldt v. Murray*, 2 N. Y. S. R. 232.

The physician undertakes that he is possesssd of that degree of knowledge and skill which usually pertains to the other members of the profession. *Ely v. Wilbur,* 49 N. J. L. 685 (60 Am. Rep. 668).

A physician undertakes that he possesses that reasonable degree of learning and skill which is ordinarily possessed by the professors of that art, and which is ordinarily required by the community and by those conversant with the employment as necessary to qualify him to engage in the business; that he will use reasonable care and diligence in the exercise of his care and skill; and that he will use his best judgment in the exercise of his skill; and the application of his diligence. *Carpenter v. Blake,* 10 Hun. 358.

In many cases of amputation, the care and skill of the surgeon are involved as much in the selection of the point of amputation as in the manner of its performance after the point has been selected. *Wright v. Hardy,* 22 Wis. 348.

One who attempts to treat an eye as a specialist must have that degree of skill and knowledge which is ordinarily possessed by physicians who devote special attention and study to the treatment of the eye; and he must exercise his best judgment in the application of his skill and use ordinary care in the performance of the operation. *Freeney v. Spaulding,* 89 Me. 111.

The physician or surgeon must exercise such reasonable skill and diligence as are ordinarily exercised in his profession. and regard must be had to the advanced state of the profession at the time. *McCandless v. McWha,* 22 Pa. 261.

The physician's relation to his patient implies that he possesses and will employ in the treatment of the case such reasonable skill and diligence as are ordinarily exercised in his profession by thoroughly educated physicians. *Haire v. Reese,* 7 Phila. 138.

In the treatment of cases they must exercise reasonable and ordinary care and diligence, and they must use their best skill and judgment to determine the nature of the malady and the best mode of treatment. *Patten v. Wiggin,* 51 Me. 594, 81 Am. Dec. 593.

An instruction that if the physician could have told the nature of the injury and applied the proper remedy, and failed to do so, he will be liable, requires too high a degree of skill. *Quinn v. Donovan,* 85 Ill. 194.

In *Kuehn v. Wilson,* 13 Wis. 105, which was a case of the treatment of a colt, the court says one who professes to have skill in a business is understood to have engaged to use a degree of diligence and skill adevuate to the performance of his undertaking.

The physician undertakes to use all known and reasonable means to accomplish a cure. *Haire v. Reese,* 7 Phila. 138.

The physician is under an implied obligation when he undertakes to treat diseases or injuries to bring to his aid such obtainable remedies and appliances as discovery and experience have found to be the most appropriate and beneficial in aiding recovery, But in some cases the best and most appropriate appliances or remedies may be very simple and commonplace, and it may be the highest type of skill which applies these simple appliances to aid nature in its healing processes. *Stevenson v. Gelsthorpe,* 10 Mont 563.

If a physician knows himself incompetent to treat the case he should reccommend the employment of another physician. If he knows that he is competent but is uncertain or in doubt as to the nature and extent of the injury he must use his best judgment as to whether he should consult some other surgeon or not. *Mallen v. Boynton,* 132 Mass. 443.

b. *Does not undertake to cure.*

The law raises no implication on the part of the surgeon to effect a cure. *Grindle v. Rush,* 7 Ohio, pt. 2, p. 123.

A surgeon does not undertake to perform a cure, nor does he undertake to use the highest degree of skill, but he undertakes to bring a fair, reasonable, and competent degree of skill. *Lamphier v. Phipos,* 8 Car. & P. 475.

A physician is not considered as warranting a cure unless under a special contract for such purpose. *Tefft v. Wilcox,* 6 Kan. 46.

The physician is not liable because injurious results follow the treatment unless the condition of the patient is such that ordinary professional intelligence and skill

would teach that such results would follow. *Wells v. World's Dispensary Medical Asso.*, 9 N. Y. S. R. 452.

When a skilful and careful surgeon exercises his best judgment in a case of doubt he cannot be held liable for a want of success. *Williams v. Poppleton*, 3 Or. 139.

A dentist or physician using chloroform as an anæsthetic is not answerable for negligence because of results arising from the peculiar condition or temperament of the patient, of which he had no knowledge. *Bogle v. Winslow*, 5 Phil. 136.

The mere fact that the patient grew worse under the physicians treatment, and became better when his services were dispensed with, is no evidence of malpractice. *Wurdemann v. Barnes*, 92 Wis. 206.

The fact that the injured limbs are slow in healing, and are imperfectly healed at last, is not of itself evidence of malpractice. *Wood v. Barker*, 49 Mich. 295.

The mere fact that a leg which has been set is shorter than the other does not establish the fact that the treatment was not skilful. *Piles v. Hughes*, 10 Iowa, 579.

A physician is not an insurer of the success of his treatment. *Yunker v. Marshall*, 65 Ill. App. 667.

The jury cannot draw the conclusion of unskilfulness from the result of the treatment. *Sims v. Parker*, 41 Ill. App. 284.

A surgeon cannot be held liable for not discovering a fracture of a bone if at the time of the examination the arm was so swollen that an assurance of the extent of the injury could not be discovered by a careful and skilful examination. *Gedney v. Kingsley*, 41 N. Y. S. R, 794.

### c. Special contract.

A surgeon may contract to effect a cure. *Vanhooser v. Berghoff*, 90 Mo. 487.

But an undertaking merely to attend and to cure and heal a broken leg, does not impose upon the physician any more liability than is imposed by law. *Hoopingarner v. Levey*, 77 Ind. 455.

## III. Degree of care and skill required.

The courts, in defining the skill and care required in the treatment of a case, have used such words as "proper," "reasonable," "ordinary." But these words mean practically the same thing. Such care must be used as would ordinarily be regarded as proper, under the circumstances of the case.

A surgeon is not liable for want of the highest degree of skill. *Howard v. Grover*, 28 Me. 97, 48 Am. Dec. 478.

A physician cannot be required to use his full skill and ability upon pain of being held liable for failure to do so. *Quinn v. Donovan*, 85 Ill. 194.

A dentist is not required to use all the knowledge and skill to which the art has at the time advanced. *Simonds v. Henry*, 39 Me. 155, 63 Am. Dec. 611.

In *Getchell v. Lindley*, 24 Minn. 265, it is said, that the fact that defendant's mode of treatment was not the best that might have been adopted, will not render him liable. But the verdict against him was sustained on the evidence.

A physician must exercise a reasonable degree of care and professional skill, and what that is, must be determined in each case from the circumstances. And regard is to be had to the advanced state of the profession at the time. *Braunberger v. Cleis* (Pa.) 4 Am. L. Reg. N. S. 587.

The degree of care and skill required in the performance of a surgical operation, is that reasonable degree of care and skill, that physicians and surgeons ordinarily exercise in the treatment of their patients. *State, Janney v. Housekeeper*, 70 Md. 162, 2 L. R. A. 587.

A veterinary surgeon in the absence of special contract engages to use such reasonable skill, diligence, and attention as may ordinarily be expected of persons in that profession. In other words, the care which a careful and trustworthy man would be expected to exercise. *Barney v. Pinkham*, 29 Neb. 350.

A physician must exercise reasonable skill, taking into account the advancement of professional learning. *Hitchcock v. Burgett*, 88 Mich. 501.

Whatever may be the character of the injury which the physician is called on to treat, he is only held to employ a reasonable amount of care and skill. *Utley v. Burns,*

70 Ill. 162; *Peck v. Martin*, 17 Ind. 115; *Branner v. Stormont*, 9 Kan. 51; *O'Hara v. Wells*, 14 Neb. 403; *Reynolds v. Graves*, 3 Wis. 416.

What are reasonable care and skill must be determined in each case from the circumstances. *Braunberger v. Cleis* (Pa.) 4 Am. L. Reg. N. S. 587.

There is no substantial difference in the use of the words "ordinary" and "reasonable," in defining the care and skill required of a physician in his employment. *Kendall v. Brown*, 74 Ill. 232.

It is not error for the court to tell the jury that ordinary skill is the skill which a surgeon would under the circumstances of the case reasonably use in treating the case, if there is no request for more specific instructions. *Boon v. Murphy*, 108 N. C. 187.

The skill which is required is that of the ordinary skilled physician. *Kendall v. Brown*, 86 Ill. 387.

In *Adler v. Buckley*, 1 Swan, 69, which was an action for compensation, the court says the surgeon undertakes for a due and proper degree of skill and diligence in his profession.

The requirement by the court in its charge, of a fair knowledge and skill, is not erroneous if in another part of the charge he characterizes the necessary knowledge as fair or ordinary. *Jones v. Angel*, 95 Ind. 376.

He must use the ordinary skill and care of the profession generally. *Wilmot v. Howard*, 39 Vt. 447,-94 Am. Dec. 338; *Bliss v. Long*, Wright (Ohio) 351, *Gallaher v. Thompson*, Wright (Ohio) 466; *Bellinger v. Craigue*, 31 Barb. 534; *Doyle v. New York Eye & Ear Infirmary*, 80 N. Y. 631; *Griswold v. Hutchinson*, 47 Neb. 727; *Getchell v. Hill*, 21 Minn. 464.

In *Hyatt v. Adams*, 16 Mich. 180, malpractice is defined to be the want of proper skill and care in the performance of the operation.

And in *Becknell v. Hosier*, 10 Ind. App. 5, it is said there will be no actionable negligence in failing to discover a dislocation unless it really existed and its existence was ascertainable by the exercise of proper care and skill, nor in failing to reduce it unless it was capable of reduction by the exercise of such care and skill.

The physician is bound to have the necessary knowledge, skill, and science which the profession demands. *Wood v. Clapp*, 4 Sneed, 65.

A physician in passing from patients infected with contagious diseases to others who are not so affected, must take such precautions as experience may have shown to be necessary to prevent the communication of the infection. *Piper v. Menifee*, 12 B. Mon. 465, 54 Am. Dec. 547.

So, to render the physician liable to the negligence need not be great and gross, but a want of ordinary diligence, care and skill is sufficient. *Landon v. Humphrey*, 9 Conn. 209, 23 Am. Dec. 333.

## IV.  *Liable for what.*

### a. *In general.*

The physician will be liable for injuries resulting from a lack of care and skill. *Mitchell v. Hindman*, 47 Ill. App. 431, affirming 150 Ill. 538.

The physician will be liable for the death of a person who is killed by taking a prescription which he has improperly written by mistake or through negligence. *Murdock v. Walker*, 43 Ill. App. 590.

In *Cadwell v. Farrell*, 28 Ill. 438, in which the principal question was as to the proper form of action, the court says that if the employment was induced by false and fraudulent representations, or if proper skill was not employed, case would be the proper remedy.

But either assumpsit or case may be maintained for breach of the implied obligation to use care, skill, and proper treatment. *Kuhn v. Brownfield*, 34 W. Va. 253, 11 L. R. A. 700.

The injured person has a right to sue for the injury either as upon contract or in tort as for breach of duty imposed by law upon the physician whether for hire or not. *Goble v. Dillon*, 86 Ind. 327 (44 Am. Rep. 308); *Lane v. Boicourt*, 128 Ind. 420, explaining *Boor v. Lowrey*, 103 Ind. 468 (53 Am. Rep. 519).

If injury results to a patient by reason of the want of ordinary skill or ordinary attention of the attending physician, the patient may recover damages. *Carpenter v. McDavitt*, 53 Mo. App. 393.

The physician is liable for want of requisite skill or for omission to exercise proper care. *Carpenter v. Blake*, 75 N. Y. 12.

Failure to exercise proper care will authorize a recovery. *Link v. Sheldon*, 136 N. Y. 1.

If there was want of ordinary skill in not detecting the nature of the injury for fifteen days, and the patient suffered pain and incurred expenses in consequence thereof, the physician will be liable. *Fowler v. Sergeant*, 1 Grant, Cas. 355.

The plaintiff is entitled to recover only for the additional pain and suffering caused by the malpractice, not for the pain and suffering caused by the injury. *Wenger v. Calder*, 78 Ill. 275.

The physician is chargeable with knowledge of the probable consequences of an injury or of negligence in its treatment, or of unskilful treatment. *Dubois v. Decker*, 130 N. Y. 325 (14 L. R. A. 429).

The fact that the physician is liable to a penalty for practicing without a license will not prevent a recovery against him in a civil action in case he is guilty of malpractice. *Musser v. Chase*, 29 Ohio St. 577.

If a physician is employed to examine a man engaged to be married to a woman' for the purpose of ascertaining whether or not he is diseased, he may maintain an action, in case the engagement is broken, by reason of a wrong diagnosis through the physician's want of ordinary skill and learning, or of ordinary care. *Harriott v. Plymyton*, 106 Mass. 585.

Physicians are liable for want of ordinary care and prudence in examining a person for insanity. *Ayers v. Russell*, 50 Hun. 282.

But in Maine it is held that without statutory provisions authorizing it, there cannot be a civil action for damages against a physician based upon the insufficiency of the methods which he pursued in reaching and certifying a conclusion as to the sanity of a person. *Pennell v. Cummings*, 75 Me. 163.

Vindicative damages may be recovered in case of improper treatment and the application of improper remedies. *Cochran v. Miller*, 13 Iowa, 128.

The physician may be liable for exemplary damages if he shows such an entire want of care as to evince that he was probably conscious of the probable consequences of his carelessness, and indifferent to the danger to which the patient was subjected. *Brooke v. Clark*, 57 Tex. 105.

A physician is responsible for all the ill consequences which come from the administration of medicine to a slave without the consent of the owner. *Hord v. Grimes*, 13 B. Mon. 188.

b. *For ignorance.*

One holding himself out as a surgeon is liable for want of skill. *Carpenter v. Blake*, 60 Barb. 488.

A physician is liable for damages arising as well from the want of skill as from the negligence in the application of skill. *Long v. Morrison*, 14 Ind. 595, 77 Am. Dec.72.

If an arm is re-fractured because of gross ignorance of want of ordinary care or skill, the physician doing it will be liable. *Boydston v. Giltner*, 3 Or. 119.

An action on the case will lie against a surgeon for gross ignorance and want of skill in his profession, as well as for negligence and carelessness to the detriment of a patient. *Seare v. Prentice*, 8 East. 348. The court in that case says that no want of skill was imputed to the defendant, but the lower court had told the jury that unskilfulness alone without negligence, would not maintain the action; and it was held that this instruction was erroneous.

So, it is a good defense to an action by an apothecary for his pay, that he treated the patient ignorantly or improperly. *Kannen v. McMullen*, Peake, 59.

But a physician is not chargeable with ignorance of a case if he prescribes for it rightly. *Fowler v. Sergeant*, 1 Grant, Cas. 355.

### c. *When he does not cause injury.*

In an action to recover for the death of the patient through the alleged negligent treatment of the physician, no recovery can be had if there was any intervening cause, in the absence of which, it is reasonably probable that the patient would not have died. *Gores v. Graff*, 77 Wis. 174.

There can be no recovery if no injury resulting from the act of the physician is shown. *Craig v. Chambers*, 17 Ohio St. 253.

The plaintiff must show, not only that the physician was negligent or unskilful, but also that the injury resulted from such negligence or unskilfulness. *Ewing v. Goode*, 78 Fed. Rep. 442.

The burden is on the plaintiff to show that the injury resulted from the negligence of the physician. *Chase v. Nelson*, 39 Ill. App. 58.

So, to entitle plaintiff to recover, there must be no contributory negligence. *Hibbard v. Thompson*, 109 Mass. 286; *Hitchcock v Burgett*, 38 Mich. 501; *Chamberlain v. Porter*, 9 Minn. 260; *Geiselman v. Scott*, 25 Ohio St. 86; *Reber v. Herring*, 110 Pa. 599; *Link v. Sheldon*, 45 N. Y. S. R. 165.

But the injured person is not bound to seek aid from other physicians to mitigate the consequences of the mistake of the attending physician. *Chamberlin v. Morgan*, 68 Pa. 168.

### d. *For acts of others.*

A physician is not liable for injuries resulting from too great heat in a bath which he has ordered for a patient and left to the nurse to be administered, if he was not present and did not assist in preparing the bath. *Perionowsky v. Freeman*, 4 Fost. & F. 977.

If the parent of the patient who attempted to nurse him did not follow directions and so were contributors to the injury, no recovery can be had against the physician. *Potter v. Warner*, 91 Pa. 362 (36 Am. Rep. 668.)

The physician is not liable for the results of carelessness of the nurses, unless his own carelessness contributes to the injury. *Sanderson v. Holland*, 39 Mo. App. 233.

The physician is not liable for the negligence of nurses in a hospital where the patient is placed, over whom he has no control. *Baker v. Wentworth*, 155 Mass. 338.

But the physician is liable for his own acts, although the acts of others may aggravate the injury. *Hathorn v. Richmond*, 48 Vt. 557.

So, if the improper treatment makes the injury unavoidable, an action against the physician will not be defeated by the fact that mismanagement or negligence of the nurses may aggravate the case. *Wilmot v. Howard*, 89 Vt. 449, 94 Am. Dec. 338.

A physician cannot be held responsible for injuries caused by improper treatment by one called in to take his place. *Link v. Sheldon*, 136 N. Y. 1.

A physician is liable for the acts of his partner in negligently re-setting a dislocation, and in case the partner dies the action will survive against him. *Hess v. Lowrey*, 122 Ind. 225, 7 L. R. A. 90.

In an action against a firm of physicians for breach of one of them of their contract to treat the patient properly, all must be joined as defendants. *Whittaker v. Collins*, 34 Minn. 299 (57 Am. Rep. 55).

Partners in the practice of medicine are all responsible for the negligence of one of them within the scope of the partnership business. *Hyrne v. Erwin*, 23 S. C. 226 (55 Am. Rep. 15).

A surgeon is answerable for the want of proper skill of his apprentice. *Hancke v. Hooper*, 7 Car. & P. 81.

A mere omission of an attending physician to use ordinary skill in diagnosing a case of small-pox, and his reporting it to the health department as such will not render him liable for the removal of a patient to the pest house, if it is the duty of the health inspector to form an independent judgment upon the case, and the removal only takes place after he has done so. *Brown v. Purdy*, 22 Jones & S. 109.

### e. *For non-attendance.*

In *Dale v. Donaldson Lumber Co.*, 40 Ark. 188, the trial judge charged the jury that if a physician is called to attend a patient, not only reasonable care and skill should be exercised, but also continued attention as long as the condition of the

patient might require in the exercise of an honest and properly educated judgment, and any culpable negligence in this respect would render him liable to an action.

A physician who leaves a patient at a critical stage of the disease without reason or sufficient notice to enable him to procure another medical attendant, is guilty of culpable dereliction of duty. *Barbour v. Martin*, 62 Me. 536.

If a physician is sent for by one whose family physician he has been for years, the effect of his responding to the call will be an engagement to attend to'the case so long as it needs attention unless he gives notice to the contrary or is discharged. And he is bound to use ordinary care and skill, not only in his attendance, but in determining when it may be safely and properly discontinued. *Ballou v. Prescott*, 64 Me. 305.

A veterinary surgeon must give such attention after an operation upon a colt as the necessity of the case requires, in 'the absence of special agreement or reasonable notice to the contrary. *Williams v. Gilman*, 71 Me. 21.

The physician must exercise reasonable care in determining when the attendance may be safely discontinued. *Dashiell v. Griffith*, 84 Md. 363.

The physician must judge at his peril of when it is safe to discontinue treatment in the absence of consent by the patient to its discontinuance or reasonable notice to procure other attendance. *Becker v. Janinski*, 27 Abb. N. C. 45.

But a physician is not liable for sending another physician who is in independent practice to attend the case, although he has promised to go himself, and injury results from the negligence of the other physician. *Meyers v. Holborn* (N. J. Err. & App.) 30 L. R. A. 345.

So, a physician who is attending a patient for illness is not liable for damages which result from his neglect to fulfil his promise to send an oculist to look at the patients eyes which are troublesome. *Jones v. Vroom*, 8 Colo. App. 143.

### f. *Errors of judgment.*

While the responsibility of the medical practitioner and surgeon is great, and care appropriate should be observed in the exercise of his professional employment, when his errors are those of judgment only if he keeps within recognized and approved methods he is not liable for their consequences. *Wells v. World's Dispensary Medical Asso* , 9 N. Y. S. R. 452.

If ordinary care and skill are used, the physician is not liable for a mistake of judgment. *Fisher v. Nicolls*, 2 Ill. App. 484; *Heath v. Glisan*, 3 Or. 64.

There is no responsibility for error of judgment unless it is so gross as to imply a want of due care and skill. *Becker v. Janinoski*, 27 Abb. N. C. 45.

Whether error of judgment will or will not make a physician liable in a given case depends upon not merely that he may be ordinarily skilful but whether he has treated the case skilfully or has exercised in its treatment such reasonable skill and diligence as is ordinarily exercised in his profession. *Jackson v. Burnham*, 20 Colo. 532.

The liability of a surgeon for error of judgment depends, not merely upon the fact that he may be ordinarily skilful as such, but whether he has treated the case skilfully or has exercised in its treatment such reasonable skill and diligence as is ordinarily exercised in his profession. The error of judgment may be so great as to be inconsistent with that degree of skill that is the duty of every surgeon to possess. *West v. Martin*, 31 Mo. 375.

When there are reasonable grounds for doubt and difference of opinion the professional man, after the exercise of his best judgment, admitting that he possesses the necessary knowledge, is not responsible-for errors of judgment or mistakes, and is not chargeable with error where such error could not have arisen except from want of, or the exercise of reasonable skill and diligence. *Burnham v, Jackson*, 1 Colo. App. 237.

A person who holds himself out as a surgeon without competent skill is not entitled to the benefit which would insure to a skilful surgeon in case of an error of judgment, but will be held liable for having adopted a process which is not successful, when other processes might have been so. *Carpenter v. Blake*, 50 N. Y. 696.

A liability does not attach as against a doctor who commits an error, in the practice of his profession. *Langford v. Jones*, 18 Or 307.

But the rule that error of judgment is not malpractice has no application in case of a person who knows nothing of anatomy, surgery, or physics, since he can have no judgment in the matter. The law contemplates a judgment founded on skill and

knowledge in these sciences. The man who would hold himself out to the world as an oculist without any knowledge of this science, and obtain a patient and commence tinkering with the most delicate of all the organs, the eye, must be reckless indeed. Error in judgment in a science, of a man unskilled in that science is malpractice. A person who attempts to practice in physics or surgery without having first obtained a knowledge of such science is liable for all the damage which is the result of his practice. *Courtney v. Henderson*, N. Y. Marine Ct. McClelland, Civil Malpractice, 273.

### g. Giving instructions.

Failure to give the proper instructions to the attendants is culpable negligence. *Carpenter v. Blake*, 60 Barb. 488.

A physician not negligent in setting a broken leg may be negligent in not giving proper instructions as to the care and use of it when the bandages are removed, so as to be liable for an injury resulting from the insufficient instructions. *Beck v. German Klinik*, 78 Iowa, 696, 7 L. R. A. 566.

## V. What are proper care and skill?

There are some statements in the cases upon this question which appear to be conflicting. But there is little room for conflict when the circumstances of the case are the same. The principal difference of opinion is as to whether or not the standard of comparison must be other physicians in the same neighborhood. Probably the courts which hold to a limitation to the same general neighborhood would not do so if there was no other physician there, or if whoever was there was grossly ignorant. The assumption seems to be that there are educated physicians in the neighborhood, and if such is the fact it seems immaterial whether a local or general comparison is made.

In *Smothers v. Hanks*, 34 Iowa, 289 (11 Am. Rep. 141), it is said that the standard of ordinary skill may vary even in the same state according to the greater or less opportunities afforded by the locality for observation and practice.

The physician is entitled to show by expert evidence that the treatment given was such as a surgeon of ordinary knowledge and skill would and ought to have given. *Quinn v. Higgins*, 63 Wis 664 (53 Am. Rep. 305).

Physicians are not required to possess the highest, or even the average, skill, knowledge, or experience, but only such as will enable him to treat the case understandingly and safely. *Patten v. Wiggins*, 51 Me. 594, 81 Am. Dec. 593.

The skill need not be that of thoroughly educated persons only, but must be that of the average, having regard to the improvement and advanced state of the profession at the time of the treatment. *Peck v. Hutchinson*, 88 Iowa, 320; *Smothers v. Hanks*, 34 Iowa, 289 (11 Am. Rep. 141); *Almond v. Nuhent*, 34 Iowa, 300 (11 Am. Rep. 147).

The physician is bound to possess and exercise that degree of skill which is ordinarily possessed by physicians in practice. *Hallam v. Means*, 82 Ill. 379 (25 Am. Rep. 328).

A physician is bound to exercise, in the treatment of his patients, such degree of care and skill as is ordinarily exercised by others in his profession. *Dashiell v. Griffith*, 84 Md. 363; *Becker v. Janinski*, 27 Abb. N. C. 45.

By ordinary skill is meant such skill as is commonly possessed by men engaged in the profession. *Heath v. Glisan*, 3 Or. 64.

In *Hewitt v. Charier*, 16 Pick. 353, which involved the question of the right to practice surgery without a license, the court says there is no doubt that by the common law, physicians and surgeons undertaking to practice their professions are responsible, not only for due care and diligence, but for that degree of skill and capacity which ordinarily belongs to those who practice them; and this will depend much upon the state of the science and the means of education at any particular period.

A physician, practicing in a small village, who undertakes to perform a difficult operation, is bound to possess that skill and ability only, which physicians and surgeons of ordinary ability and skill, practicing in similar localities, with opportunities for no larger experience, ordinarily possess. He is not bound to possess the high

degree of art and skill possessed by eminent surgeons practicing in large cities. *Small v. Howard*, 128 Mass. 131 (35 Am. Rep. 363).

In determining what constitute the reasonable and ordinary skill and diligence which it is the duty of a physician to possess and exercise, the test is, the degree of skill and diligence which other physicians in the same general neighborhood and in the same general line of practice ordinarily have and practice. *Force v. Gregory*, 63 Conn. 167, 22 L. R. A. 343.

The physician must have such skill as physicians in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases. *Hathorn v. Richmond*, 48 Vt. 557; *Gates v Fleischer*, 67 Wis. 504; *Nelson v. Harrington*, 72 Wis. 591, 1 L. R. A. 719.

A physician is required to use no more than the care and skill of the physicians of his neighborhood, if there are other physicians there, presumably of average ability, when compared with similar localities. *Pelky v. Palmer* (Mich.) 3 Det. L. N. 198.

In contrast with the above, it has been held that the physician must exercise at least the average degree of skill possessed by members of the profession in such localities, generally as those in which he practices, and the standard cannot be set by the average skill in his own locality. *Gramm v. Boener*, 56 Ind. 497; *Kelsey v. Hay*, 84 Ind. 189.

While the law does not exact the highest degree of skill and proficiency attainable in the profession, it does not, on the other hand, contemplate mere average merit. *Holtzman v. Hoy*, 118 Ill. 534 (59 Am. Rep. 390). The court says in order to determine who will come up to the legal standard, we are not permitted to aggregate into a common class the quacks, the new men who have had no practice, the old ones who have dropped out of practice, the good and the very best, and then strike an average between them. This method would place the standard too low.

In *McMurdock v. Kimberlin*, 23 Mo. App. 523, where the treatment was of an eye, instructions were held proper requiring the jury to find whether the defendant held himself out as possessing a degree of skill and diligence in the treatment of the eye as high as that possessed by other good surgeons in that special practice, and if they so found to further find whether he had exercised the skill which would ordinarily be exercised by good and careful surgeons.

It is not enough to render the physician liable that he has a less degree of skill than some other medical man might have shown, or a less degree of care than he himself might have bestowed, nor is is it enough that he acknowledges some want of care; there must have a want of ordinary care and skill, and to such a degree as to have lead to a bad result. *Rich v. Pierpont*, 3 Fost. & F. 35.

Failure of a physician to discover a severe rupture of the perinæum after repeated examinations for that purpose is actionable negligence. *Lewis v. Dwinell*, 84 M. E. 497.

The jury may find that it is negligence for the attending physician to fail to discover and remove a detached portion of the placenta after a miscarriage. *Moratzky v. Wirth* (Minn.) 69 N. W. Rep. 480.

Failure of a surgeon who undertakes to perform an operation upon a woman to discover the fact of her pregnancy, by reason of which she suffered a miscarriage, is not negligence unless the condition of pregnancy was so apparent that it could have been detected by the exercise of reasonable judgment and intelligence and ordinary diligence on his part. *Langford v. Jones*, 18 Or. 307.

### VII. *Must follow established practice.*

The rule is very strict against trying experiments, so that it would seem that any advancement in the art must be at the personal risk of the physician rather than of the patient.

Any deviation from the established mode of practice is sufficient to charge the surgeon in case of any injury arising to the patient. 2 Esp. N. P. *601.

A person will be liable for giving a certain treatment in a case in which it is wholly unfit. *Jones v. Fay*, 4 Fost. & F. 525.

Physicians are bound by what is universally settled in the profession, not by what some writers and practicable surgeons recommend. And the mere fact that writers and practicable surgeons prescribe a certain mode of treatment does not make it incumbent on a surgeon called to treat an ailment to conform to such mode of treatment. *Burnham v. Jackson*, 1 Colo. App. 237.

If the ordinary and established practice of the profession is to treat an ailment in a particular manner, and the attending physician adopts some other mode that proves injurious, it is immaterial how much skill he possessed, since his failure to exercise it constitutes negligence. *Jackson v. Burnham*, 20 Colo. 532.

If the settled practice of the profession allows but one course of treatment in the case, any departure from such course might properly be regarded as the result of want of knowledge, skill, and experience or attention. *Patten v. Wiggin*, 51 Me. 591, 81 Am. Dec. 593.

A physician cannot try experiments with his patients to their injury. *Hesse v. Knippel*, 1 Mich. N. P. 109.

The established treatment must be followed. *Carpenter v. Blake*, 60 Barb. 488.

Where a particular mode of treatment is upheld by the concensus of opinion among the members of the medical profession, it should be followed by the ordinary practitioner, and if he sees fit to experiment with some other mode he does so at his peril. *Jackson v. Burnham*, 20 Colo. 532.

In *Slater v. Baker*, 2 Wils. 349, where defendant disunited the callus of a bone which had been set, the court says many men very skilful in their professions have frequently acted out of the common way for the sake of trying experiments; but further says that it appears from the evidence that it was improper to disunite the callus without consent. Then it was ignorance and unskilfulness to do contrary to the rule of the profession what no surgeon ought to have done. Again it is said: "For anything that appears this was the first experiment made with a new instrument which defendant used" and if it was, it was a rash action, and he who acts rashly acts ignorantly; and although defendants in general may be as skilful in their respective professions as any two in England, yet the court cannot help saying that in this particular case they have acted ignorantly and unskilfully contrary to the known rules and usage of surgeons."

But in *Carter v. Fernald*, N. H. Stafford, Common Pleas, McClelland, Civil Malpractice, 19, the court charged the jury that to show the want of skill it is never sufficient to prove that the physician has not treated in that mode nor used those measures which in the opinion of other medical men the case required. The plaintiff must go farther and show that he had not the requisite qualifications and did not use them.

Directing a person with a broken arm to bathe it with wormwood and vinegar, although condemned by experts, is not such a departure from established practice as will justify a recovery against the surgeon, there being nothing to show that it would cause injury. *Winner v. Lathrop*, 67 Hun. 511.

Although the ordinary practice in case of a fracture of both bones of the leg would be to extend the leg to its original length and then use appliances to keep it there, yet if the character of the injury and condition of the patient is such that he could not endure extension and contra-extension, a failure to resort to such appliance does not show a want of skill or negligence. *Hallam v. Means*, 82 Ill. 379 (25 Am. Rep. 328).

### b. *Of his own school.*

All the physician undertakes is that he will faithfully treat the case according to the recognized rules of his particular school. *Patten v. Wiggin*, 51 Me. 594, 81 Am. Dec. 593.

The skill of the physician is to be judged by the school of practice to which he belongs. *Force v. Gregory*, 63 Conn. 167, 22 L. R. A. 343.

A physician is expected to practice according to his professed and avowed system *Bowman v. Woods*, 1 G. Greene, 441.

One who professes to adhere to a particular school of practice must come up at least to its average standard. *Hesse v. Knippel*, 1 Mich. N. P. 109.

But clairvoyant physicians do not constitute a school, and must be held to the duty of treating their patients with the ordinary skill and knowledge of physicians in

good standing, practising in the vicinity. *Nelson v. Harrington*, 72 Wis. 591, 1 L. R. A. 719.

The court says one who hold himself out as a medical expert and accepts employment as a healer of diseases, but who relies exclusively for diagnoses upon some occult influence exerted upon him or some mental intuition received by him when in an abr ormal condition, takes the risk of the quality and accuracy of such influence or intuition.

## VII.    *No presumption against him.*

The plaintiff must prove that the injury was produced by the treatment, and that the physician did not exercise ordinary skill and care. *Pettigrew v. Lewis*, 46 Kan. 78.

The person alleging the unskilfulness must prove it. *Robinson v. Campbell*, 47 Iowa, 625.

The plaintiff must show want of proper knowledge and skill. *Leighton v. Sargent*, 31 N. H. 119 64 Am. Dec. 323.

So the negligence of the physician must be alleged and proved. *Scudder v. Crossan*, 43 Ind. 343.

So the ground relied on for recovery must be distinctly stated in the declaration. If abandonment of the case is relied on for a recovery, it must be set out in the declaration. *Bemus v. Howard*, 3 Watts, 255.

If the declaration charges a want of ordinary care and skill, evidence is not admissible of a claim ·by the physician that he possessed extraordinary skill and would effect a cure. *Goodwin v. Hersom*, 65 Me. 223.

In an action for malpractice,'which rendered amputation necessary, a recovery is not authorized by proof of negligence, carelessness, or inattention, causing pain and suffering. *Moor v. Teed,* 2 Cal. 190

## VIII.    *Free service.*

In *Ritchey v. West*, 23 Ill. 385, it is said, that reasonable care, skill, and diligence are necessary, unless the services rendered were gratuitous.

But in the later case it is held, that if a person holds himself out to the public as a physician, he must be held to an ordinary care and skill in every case, whether in the particular case he has received any fees or not. *McNevins v. Lowe*, 40 Ill. 209, explaining *Ritchey v. West*, 23 Ill. 385.

The law requires the same degree of care of a surgeon when his services are gratuitous as when he receives compensation therefor. *Peck v. Hutchinson*, 88 Iowa, 320.

The fact that no bill for the services has been rendered, is immaterial. *Baird v. Gillett*, 47 N. Y. 186.

It is immaterial that the physician's services are gratuitous. *Becker v. Janinski*, 27 Abb. N. C. 45.

But no recovery can be had if the services were gratuitously rendered, especially, if the one rendering them did not profess to be a physician. The court says a person who without special qualifications volunteers to attend the sick can at most be required to exercise the skill and diligence usually bestowed by persons of like qualifications under like circumstances. *Higgins v. McCabe*, 126 Mass. 13 (30 Am. Rep. 642).

So in —— v. ——, 2 Esp. N. P. *601, it is said that if a person undertakes the cure of any wound or disease, and by negligence or ignorance the person is not cured, or suffers materially in his health, he may recover damages. But the person must be a common surgeon or one who makes public profession of such business, for otherwise it is plaintiff's own folly to trust to an unskilful person unless such person expressly undertakes the cure.

Although a person not qualified as being a regular medical practitioner, but assuming to be or to practice as such and undertaking to treat another for a disease, is liable for injury caused by ignorance or improper treatment by which the patient is rendered worse. *Ruddock v. Lowe,* 4 Fost. & F. 519,

## IX. *General reputation.*

The question is not as to the general skill of the physician, but as to his conduct in the particular case. *Mertz v. Detweiler,* 8 Watts. & S. 376.

The liability of the physician does not depend upon the skill which he possesses, but rather upon the fact whether he has applied that reasonable skill and diligence which are ordinarily used in the profession. *Cayford v. Wilbur,* 86 M. E. 414.

If ordinary care and skill are not used in a particular case, the general reputation of the physician for skill and learning is immaterial. *Holtzman v. Hoy,* 19 Ill. App. 459.

The fact that the physician is one of ordinary skill does not raise the legal presumption that his services in a particular case were skilfully rendered. *Graham v. Gautier,* 21 Tex. 111.

Whether or not the physician has a proper diploma is immaterial upon the question of the skilfulness of his treatment. *Bute v. Potts,* 76 Cal. 304.

The fact that a doctor is reputed to be negligent and unskilful cannot be allowed as proof to establish negligence or unskilful treatment in a particular case. *Stevenson v. Gelsthorpe,* 10 Mont. 563.

## X. *Who judges of skill.*

Whether a physician in making a diagnosis uses ordinary care and skill is a question of fact for the jury. *Harriott v. Plimpton,* 166 Mass. 585.

Whether a surgeon after reducing a dislocation of the hip and discovering a tendency not to remain in place is justified in adopting a rude substitute for the regulation splint to keep it in place is a question for the jury. *Vanhooser v. Berghoff,* 90 Mo. 487.

If after a broken bone has been set there is a protuberance plainly to be seen which is evidence to a surgeon that the bones are not in place, it is for the jury to say whether the failure of the attending surgeon to discover this is evidence of want of attention or want of skill. *Carpenter v. Blake,* 60 Barb. 488.

It is for the jury to say on the evidence whether the omission of certain treatment was or was not negligence. *Carpenter v. Blake,* 60 Barb. 488.

The question whether or not there was such negligence or unskilfulness as to entitle the plaintiff to damages is for the jury. *Barton v. Govan,* 4 N. Y. S R. 876.

Whether the physician has exercised reasonable care in the case is a question for the jury. *Rowe v. Lent,* 42 N. Y. S. R. 483.

Whether or not the treatment was negligent and unskilful is a question for the jury. *Olmsted v Gere,* 100 Pa. 127.

It is for the jury to say upon all the evidence what treatment amounts to negligence under the rule of skill required. *Hewitt v. Eisenbart,* 36 Neb. 194.

The question whether or not plaintiff had sustained injury by reason of the want of skill of the physician is for the jury. *Link v. Sheldon,* 45 N. Y. S. R. 165.

But it has been held that juries should be allowed to determine for themselves by inspection, whether a physician's course of treatment had been proper or improper. *Carstens v. Hanselman,* 61 Mich. 426.

And in North Carolina it is held that what are ordinary skill and due care in the treatment of a patient is a question of law, and it is error to leave it to the determination of a jury. *Woodward v. Hancock,* 7 Jones, L. 384.

In Kansas it is said that the definition of what constitutes ordinary skill, care, and diligence is a question of law, but the application of the law to the facts is for the jury, so that the question whether or not there has been due care in the particular case is a mixed question of law and fact. *Tefft v. Wilcox,* 6 Kan. 46.

In Oregon the court said that a trial court should never allow a case of malpractice to be submitted to a jury unless the plaintiff has fairly shown by competent

---

proof that defendant is guilty of the charge alleged against him. *Langford v. Jones*, 18 Or. 307.

If the treatment is according to a recognized system of surgery the court and jury cannot undertake to determine whether that system is the best. *Williams v. Poppleton*, 3 Or. 139.

The question whether a surgical operation has been unskilfully performed or not, is one of science, and is to be determined by the testimony of skilful surgeons, as to their opinion, founded, either wholly on an examination of the part operated upon, or partly on such examination and partly on information derived from the patient; or partly on such examination, partly on such information, and partly on facts conceded or proved at the trial. And it was held, that the plaintiff could be required to submit to an examination by experts for the purpose of enabling them to determine the extent of the injuries. *Walsh v. Sayre*, McClelland, Civil Malpractice, 303.

### XI. *Survival of action.*

It has been held, that an action against the surgeon does not survive his death. *Boor v. Lowrey*, 103 Ind. 468 (53 Am. Rep. 519).

The action will not lie against the administrator of the deceased physician. *Jenkins v. French*, 58 N. H. 532; *Vittum v. Gilman*, 48 N. H. 416; *Wolf v. Wall*, 40 Ohio St. 111.

But in view of the decision holding that the action may be on contract, *supra,* IV. a, as well as some of the modern statutes, that probably cannot be regarded as the general rule,