## I. S. Mucci, Appellee, v. F. W. Houghton, Appellant.

1. **Evidence**: LEADING QUESTIONS: ERROR WITHOUT PREJUDICE. The allowance of leading questions and the admission, in evidence, of the conclusions of a witness are not grounds for the reversal of a cause where it appears that in the subsequent course of the trial every fact and circumstance connected with the subject of the witness' testimony were given in detail.

2. ———: TESTIMONY OF EXPERTS: PRACTICE. Where it was sought to introduce the testimony of experts before proof of the facts upon which such testimony was based, though such proof was afterward made, *held*, that the exclusion was without prejudice where it appeared that the expert was afterward called, and testified as such upon every question involved in the case.

3. **Physicians**: MALPRACTICE: DISMISSAL OF PATIENT BEFORE RECOVERY: DEGREE OF SKILL REQUIRED. In an action against a surgeon for negligently dismissing the plaintiff from treatment for a fractured arm before the same was fully healed, the court instructed the jury that the defendant was liable, unless, in making up his mind to dismiss the plaintiff, the defendant exercised reasonable and ordinary care and skill, and had regard for, and took into account, the well settled rules and principles of medical and surgical science. *Held*, that the instruction was not erroneous as imposing a higher degree of care and skill than the law requires.

*Appeal from Council Bluffs Superior Court.*—Hon. J. E. F. McGee, Judge.

Wednesday, January 17, 1894.

The plaintiff is a gardener by occupation. The defendant is a physician and surgeon. On the eleventh day of June, 1890, the plaintiff sustained a fracture of his left arm between the wrist and elbow. Both of the bones of the arm were broken. He employed the defendant to reduce the fracture and treat the injury. The defendant at first bound up the arm in splints, and afterwards incased it in a plaster cast. After giving attention to the injury until the seventh day of

August of the same year by examining the condition of the fracture, the cast was removed, and the surgical attention ceased. The plaintiff claims that the defendant treated the injury so unskillfully that, when the treatment ceased, the injury was not cured, but a false joint was created between the elbow and wrist at the place of fracture. This action was brought to recover damages for the alleged malpractice. The defendant admitted the employment as alleged, but denied all negligence. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals. —*Affirmed.*

*Wheeler & West, Emmett Tinley* and *Harl & McCabe,* for appellant.

*Frank Trimble* and *W. H. Ware,* for appellee.

ROTHROCK, J.—There are a large number of errors assigned upon rulings upon the admission and exclusion

1. EVIDENCE: leading questions: error without prejudice.

of evidence offered by the respective parties. We will proceed to consider such of the questions raised as, upon a careful examination of the record, we think require special mention.

The plaintiff, in the course of his examination as a witness, was asked the following question: "Now, I want to ask you if you fully complied with all the instructions of defendant in reference to this arm, and your treatment and care of it while he was treating you?" This question was objected to on the ground that it was leading, and also called for the expression of an opinion. The objection was overruled, and the witness answered the question in the affirmative. It may be that the question was technically objectionable, as being leading, but there was no prejudice to the defendant for that reason, because, in the subsequent progress of the case, every fact and circumstance con-

nected with the treatment of the plaintiff by the defendant was detailed over and over again by the plaintiff. For the same reason, the conclusion of the witness was lost in the particularity with which all the facts were detailed to the jury. We doubt very much whether the question called for the conclusion of the witness. It appears to us it was not improper to permit the witness to state in general terms that he complied with the instructions given. It was not practicable for him to state what he was told to do, and then relate the particulars of what he did.

II. When the plaintiff concluded introducing his evidence in chief, the first witness introduced by the 2. ——: testimony defendant was Dr. T. B. Lacey, a physi-
of experts: cian and surgeon of sixteen years' practice; practice.
and, after stating in a general way what was proper treatment in such a case, the record shows the following questions asked of the witness by the defendant's counsel, and the objections and rulings thereon:

"*Question.* What effect would the use of a fractured arm thus incased have upon the union of the bones, even the moderate use? Objected to on the ground that they have not shown that the arm in question was ever used at such time. Sustained. Defendant excepts.

"*Question.* Suppose an arm broken as this one has been should be properly incased in splints within the twenty-four hours from the time of the injury, and be properly treated for six weeks from the time it was incased, and at the end of that time should present the appearance of the ends of the bones being in apposition, and upon measurement should show that the arm was of the exact length of the corresponding member, how could that arm get in the condition in which you now see this one? Objected to, as incompetent, and assuming a fact, to wit, that at the time the splints were taken off, or at the end of six weeks, the bones were examined and found to be in proper position, which has not been proven in this case, but, so far as

the testimony has gone, the contrary appears, and the question is not properly confined to the facts, so far as the testimony shows them in this case. Sustained. Defendant excepts.''

It is claimed with great earnestness that these rulings were erroneous and prejudicial. It may be that, if there were nothing more from this witness on that subject than these questions and rulings thereon, there might be ground of complaint of the rulings by the appellant. But the record shows that, immediately after these rulings, the defendant was put upon the stand as a witness, and testified fully as to the treatment he. gave the plaintiff for the fracture, and, after the examination of one other witness, Dr. Lacey was recalled, and testified fully as an expert upon every question involved in the case. His testimony is explicit, full, and intelligent, and covers the questions above set out, and to which objections were sustained. We think the rulings of the court were in this respect correct. The fault, if any, was that the defendant's counsel sought to introduce their expert evidence first, and afterwards the facts upon which the expert evidence was based. This would be, to say the least, irregular practice.

III. It is claimed that the third paragraph of the charge of the court to the jury was erroneous. It was as follows:

"If a physician or surgeon be sent for to attend a patient, the effect of his responding to the call, in the absence of a special agreement, will be an engagement to attend the case as long as it needs attention, unless he gives notice of his intention to discontinue his services, or is dismissed by the patient; and he is bound to exercise reasonable and ordinary care and skill in determining when he should discontinue his treatment and services. If you find from the evidence that the condition of the

3. PHYSICIANS: malpractice: dismissal of patient before recovery: degree of skill required.

plaintiff's arm is due to his having been dismissed when he ought not to have been dismissed, the defendant would be liable, unless the evidence further satisfies you that the defendant, in dismissing him, if he did dismiss him, used ordinary and reasonable care and skill in determining when to dismiss him; and if he dismissed him under a mistaken judgment he would be liable, and you should hold him liable, unless you find from the evidence that, in making up his mind when to dismiss him, he exercised reasonable and ordinary care and skill, and had regard for, and took into account, the well settled rules and principles of medical and surgical science.''

It is urged that the last part of this instruction requires of the defendant a greater degree of diligence and skill than the law imposes upon a physician and surgeon in the practice of his profession. He was required by the instruction, in determining whether the plaintiff had so far recovered as to require no further medical or surgical attention, to exercise reasonable and ordinary care and skill, and to have regard to and take into account the ''well settled rules and principles of medical and surgical science.'' We do not think that there is any error in this part of the instruction. In another part of the charge the jury were told that the law required the defendant to have and exercise the average or ordinary skill possessed by members of his profession in that locality. This, surely, would require him to observe the well settled rules and principles appertaining to his profession.

IV. It is claimed that the verdict finds no support in the evidence. It is enough to say that there was a fair conflict of evidence on every material question in the case. It is conceded that the plaintiff's arm was not restored. Whether it was the fault of the defendant or the plaintiff was a fair question, under the evidence, for a jury to determine.

The judgment of the district court is AFFIRMED.