(99 App. Div. 556)

# PURCELL v. JESSUP.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. PHYSICIANS AND SURGEONS—MALPRACTICE—DIAGNOSIS—NEGLIGENCE.

> Where, in an action against a physician for negligence in failing to diagnose a case of diphtheria, plaintiff claimed that the diphtheria developed at least two days before his intestate died, during which time she was being treated by defendant, while defendant contended that such disease did not develop until within twelve hours before intestate's death, it was error to exclude a question asked of an expert witness as to whether it was possible for a child to show no symptoms of diphtheria on one day, and develop a fatal case thereof the next.

Appeal from Trial Term, Richmond County.

Action by John P. Purcell, as administrator, etc., of Gertrude Purcell, against George P. Jessup. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Albert Reynaud (C. W. Pierson, on the brief), for appellant.
R. M. Moore, for respondent.

WILLARD BARTLETT, J. In this action the defendant, a physician, has been held liable in the sum of $500 damages for negligently causing the death of his patient, a daughter of the plaintiff. When Dr. Jessup was called to see the little girl in the first instance, she appears to have been suffering from an attack of the measles. He admits in his answer that she died about a week later of diphtheria, "joined to broncho-pneumonia and measles."

The theory of the plaintiff's case, as presented upon the trial, was that the diphtheria which caused the patient's death was developed at least two days before she died; that the defendant ignorantly or negligently failed to detect the presence of the disease; and that, if he had possessed the knowledge and skill which the law requires on the part of a medical man, and had exercised the same, he could and would have effected a cure. The defense was that the attack of measles from which the patient was suffering when Dr. Jessup was called to take charge of the case was followed by broncho-pneumonia; that he treated her for those two diseases, there being no diphtheria present at the time; that his treatment was proper, and involved the exercise of reasonable skill, care, and diligence; and that the diphtheria of which the child died developed within 12 hours before her death, which occurred on the 23d day of June, 1900, and was first manifest after a visit which the defendant had paid to her on the previous day. He alleged in his answer that he found her in a dying condition on the 23d—beyond help by any means in his power.

The jury adopted the plaintiff's view of the case, and rendered a verdict in the amount which has been stated. I think there was an error in the exclusion of evidence which requires us to reverse the judgment entered upon this verdict. Dr. William Charles Wal-

ser, a physician and surgeon of 30 years' practice, residing on Staten Island, and connected for 25 years with the well-known institution denominated the Smith Infirmary, was called as an expert witness in behalf of the defendant, and testified, in answer to a hypothetical question, that the treatment of the deceased child by Dr. Jessup was proper, and everything that it should have been. After stating that a fatal result, according to the experience of the medical profession, could occur in a case of diphtheria in a period varying from a few hours to days in length, he was asked: "In your opinion and medical experience, is it possible for a child to show no symptoms of diphtheria on one day, and develop a fatal case of diphtheria the next?" This question was objected to by counsel for the plaintiff, the objection was sustained, and the counsel for the defendant duly excepted. It seems to me quite clear that the evidence which it sought to elicit was material and important, and that the exclusion of such evidence may well have operated to the injury of the defendant. The essential feature of his defense was that the fatal attack of diphtheria had developed within a few hours after he last saw the child before the day of her death, and he insisted that there were no indications of the existence of the malady on the occasion of his previous visit. In accepting or rejecting this defense, the jury might properly be largely influenced by what was proved to have been the experience of the medical profession in regard to the probability or possibility that diphtheria could manifest itself thus suddenly and without previous sign. The question called not only for the opinion of the expert witness on that subject, but also for his actual experience. Both should have been permitted to be laid before the jury. The opinion of a medical man is admissible, as a general rule, upon questions peculiarly within his knowledge as such. Lawson on Expert & Opinion Evidence (2d Ed.) p. 123. Dr. Walser was certainly competent to give opinion evidence, as well as to state his actual personal experience in regard to the suddenness of the onset in cases of diphtheria, the absence of any signs of the development of the disease preceding such onset, and the rapidity of the progress of the malady to a fatal result after its development. In a case of this character it cannot fairly be held that such evidence would not have effect and weight with a jury. It is not difficult to see that, if it had been admitted, it might have relieved the defendant from a verdict which, if allowed to stand, would constitute a permanent injury to his professional standing, inasmuch as it involved the conclusion that a human life has been lost through his incompetency or carelessness.

For these reasons, I think we ought to reverse the judgment and give the defendant a new trial.

Judgment and order reversed and new trial granted; costs to abide the event. All concur.