S. M. KLINE, Appellant, v. L. C. NICHOLSON.

**Physicians:** MALPRACTICE: EVIDENCE. In this action to recover compensation for medical services the defendant interposed a counterclaim of damages for malpractice and the evidence is held to justify a submission of the issue of plaintiff's negligence as charged in the counterclaim.

**Same:** EXERCISE OF SKILL: FACT QUESTION. Although a physician may possess the requisite knowledge and skill necessary to the proper treatment of his patient, still it is for the jury to say, in

the light of expert evidence, whether he did exercise proper skill and judgment in a particular case.

**Same:** DEGREE OF SKILL. A physician who uses such reasonable skill and diligence as is used by physicians in similar localities is not liable for the result of the treatment.

**Same:** MEASURE OF· SKILL REQUIRED: INSTRUCTION. In an action for malpractice arising in a small place, where the standard of medical practice is shown to be no higher than that of similar localities, an instruction that negligence is the doing of some act which under the circumstances would not be done by other average physicians of that vicinity, while erroneous because failing to measure defendant's skill by that of physicians in similar localities, was not on that account prejudicial to defendant.

*Appeal from Green District Court.*—HON. F. M. POWERS, Judge.

WEDNESDAY, APRIL 5, 1911.

ACTION to recover compensation for medical services rendered by plaintiff to defendant in the delivery of defendant's wife during child labor and subsequent surgical treatment for resulting injuries. There was a counterclaim of damages for malpractice. The jury returned a verdict for defendant for $459, and from judgment on such verdict plaintiff appeals.—*Affirmed.*

*B. O. Clark* and *Guernsey, Parker & Miller,* for appellant.

*W. C. Saul,* for appellee.

McCLAIN, J.—The allegations in the counterclaim of negligence submitted to the jury were that plaintiff in effecting the delivery of defendant's wife during child labor, negligently used defective instruments; that in the negligent and unskillful use of the instruments he lacerated and wounded defendant's wife; that he afterwards treated such

laceration in a negligent and unskillful manner; that in treating the wound he was so negligent and unskillful that he failed to properly dress the same; and that by such negligent and unskillful treatment the wound was prevented from healing.

I. At every stage of the case counsel for plaintiff raised questions as to whether there was any evidence tending to show negligence on the part of plaintiff and as to whether there was any evidence as to each of the specific forms of negligence alleged in the counterclaim submitted by the court to the jury's consideration. It would, of course, be impractical to attempt to set out a synopsis of the testimony as collected in appellant's argument, which occupies many pages, for the purpose of showing that there was some evidence to sustain defendant's allegations as to each of the kinds of negligence submitted. It is enough for this opinion to say that there was evidence tending to show that plaintiff used forceps in effecting delivery without waiting a sufficient time to see whether by his assistance delivery could not have been effected without the use of such an instrument, and that, as the use of instruments is more likely to result in rupture involving the danger of subsequent operations, plaintiff proceeded in a negligent manner. We are justified in construing the allegation as to negligent use of instruments as covering use of instruments when in the exercise of reasonable care and judgment they should not have been used, as well as the negligent use of instruments as and when they were used. If defendant's testimony is to be believed, plaintiff used defective instruments; that is, forceps tied together after they were adjusted on the head of the infant with a string, rag, or piece of silk, with the result that the fastening broke and allowed the forceps to pull loose, causing a rupture of the parts, when, if the forceps had been of a proper kind or properly fastened, such result would not have followed.

1. PHYSICIANS:
   malpractice:
   evidence.

The evidence tended to show that the plaintiff used an amount of force and violence in attempting to extricate the infant from its mother's womb which was unnecessary and improper, resulting in needless injuries to the patient, including rupture of the perineum and sphincter muscle. The evidence also tended to show an improper method of treatment after the rupture occurred with the result that the injury has not been entirely repaired. We reach the conclusion that under the evidence, the court did not err in submitting the question of plaintiff's negligence to the jury nor in submitting to them each of the allegations of negligence as they were submitted.

II.   The contention for the plaintiff running through the various divisions of his argument relating to the sufficiency of the evidence seems to be that if plaintiff, having the knowledge and skill required in the practice of his profession, erred only in his judgment as to whether instruments should not at the time have been used in effecting delivery and in the method of using instruments to effect delivery, he is not liable for the reason that his duty was only to exercise reasonable care and judgment. But it was still for the jury to say under proper instructions whether, conceding plaintiff to possess the requisite knowledge and skill, he did in the particular case use the care and judgment which as such a physician he ought to have used. If he was careless or did not use the judgment which a competent physician would ordinarily use under the circumstances of the case, then he is liable in damages. These questions are to be determined, of course, in the light of expert evidence as to what a reasonable, judicious, and careful physician would do under like circumstances; but it was for the jury to say whether, in the light of the expert evidence, the plaintiff did exercise the care, skill and judgment required. The proposition is so self-evident that citation of authority in its support is hardly necessary,

2. SAME:
   exercise of
   skill: fact
   question.

but see *Smothers v. Hanks,* 34 Iowa, 286; *Almond v. Nugent,* 34 Iowa, 300; *Peck v. Hutchinson,* 88 Iowa, 320; *Whitesell v. Hill,* 101 Iowa, 629; *Mucci v. Houghton,* 89 Iowa, 608; *Dunbauld v. Thompson,* 109 Iowa. 199.

III. In three different instructions the jury was told in effect that, if plaintiff possessed and employed in the treatment of defendant's wife such reasonable skill and dili-

3. SAME: degree of skill.

gence as were ordinarily exercised in his profession at and in localities similar to that in which he practiced, then he was not responsible for the result of the operation. This statement of law is in accordance with the decisions of this court. *Whitesell v. Hill,* 101 Iowa, 629, and cases cited therein.

But in one instruction the law was thus stated: "Negligence in this case as applied to plaintiff consists in the doing by plaintiff, in the treatment of the defendant's wife,

4. SAME: measure of skill required: instruction.

of some act that a physician and surgeon possessing and exercising the average skill and care of the medical profession in the vicinity of the defendant's residence would not ordinarily do under like circumstances." And the contention for appellant is that by this instruction the plaintiff was required to possess and exercise the care and skill usually possessed and exercised in the vicinity of the defendant's residence, rather than that usually possessed and exercised in similar localities. It may be that under some circumstances the rule as thus stated would be erroneous and prejudicial. In *Whitesell, v. Hill, supra,* it was held that the plaintiff, suing the physician for damages and appealing on account of the insufficiency of the verdict, might properly complain of an instruction such as the one above quoted on the ground that it did not require the possession and exercise by the defendant of the skill and care usually possessed and exercised in similar localities. The distinction taken is between similar localities in general and a particular locality. But even in that case the erroneous instruction was

held not to be prejudicial in view of the fact that several educated and experienced physicians of the vicinity testified, and it did not appear that they were incompetent; the presumption being that they had the average ability ordinarily possessed by men of their profession in similar localities.

Now in the present case the complaint of the instruction is not on behalf of the party complaining of the malpractice, but on the part of the physician charged with such malpractice; and how it can be said that he is possibly prejudiced, in view of the fact that the vicinity was a small country town, and that the testimony relied upon as against him was principally the testimony of physicians practicing in larger places, we are unable to understand. One physician of the vicinity did testify; but there is nothing in his testimony from which it could be inferred or surmised that the standard of practice in that vicinity was higher than in similar localities; and, unless the jury might have been led to exact of plaintiff a higher standard of skill and care than required in similar localities, then plaintiff could not possibly have been prejudiced by the instruction. As supporting the view that such an instruction as above quoted, though erroneous, may be nonprejudicial in a case where the physican is appealing from a judgment against him, see *Dunbauld v. Thompson,* 109 Iowa, 199.

In *Ferrell v. Ellis,* 129 Iowa, 614, an instruction on this general subject was held erroneous and prejudicial in its nature, not because it referred to the vicinity rather than similar localities, but because it contained no limitation whatever and required the physician who appealed to possess the reasonable degree of skill and learning ordinarily exercised by members of the profession without regard to locality, and the court there calls attention to the fact that, although the locality in which the physician practiced was a mere country village too small to find place in the

census enumeration, physicians testifying against him were practitioners in places of considerable size. If the complaint here was that the localities with reference to which physicians testified against this appellant were not similar to the locality in which appellant practiced, the record would give some force to the objection, but no such objection was made in the lower court, nor is it urged here; and of course it could not be urged here now for the first time.

If the instruction now complained of might be erroneous under some circumstances, it was certainly not prejudicial, as affirmatively appears from the record.

Finding no error in the record which could have been prejudicial to the appellant, the judgment is *affirmed*.