LEE MCDANIEL, APPELLANT, V. WESLEY EUGENE WOLCOTT,
APPELLEE.

FILED JUNE 9, 1927.  No. 24788.

1.  **Physicians and Surgeons:** ACTION FOR NEGLIGENCE: SUFFICIENCY
    OF PETITION.  Petition examined, and *held* to state a cause of
    action, upon the theory of negligence of defendant, a surgeon,
    in failing to exercise proper skill in the performance of an
    operation on plaintiff's hand and subsequent treatment thereof;
    that the petition does not charge negligence on the theory of a
    lack of proper skill in determining that an operation ought to
    be performed.

2.  ——: ——: SUFFICIENCY OF EVIDENCE.  "In an action
    against a physician for malpractice, where  the acts charged as
    negligence require in their performance the exercise of profes-
    sional skill and knowledge, and are such with respect of which a
    layman can have no knowledge at all, the jury may not draw
    the inference of negligence without the aid of expert testimony
    as to the quality of such acts to guide them; in such case the
    doctrine *res ipsa loquitur* has no application." *Tady v. Warta,*
    111 Neb. 521.

3.  ——: ——: ——.  Evidence examined, and *held* in-
    sufficient to require the submission of the question of negligence
    to the jury.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE.  *Affirmed.*

*W. F. Moran, Edwin Moran* and *Gerald F. Harrington,*
for appellant.

*Switzler, Ringer, Switzler & Shackelford, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON AND EBERLY, JJ.

DAY, J.

This action was brought by Lee McDaniel, plaintiff,
against Wesley Eugene Wolcott, an orthopedic surgeon,
to recover damages for malpractice.  At the close of the
evidence, on motion of the defendant, the trial court in-
structed the jury to return a verdict for defendant, which
was done, and thereupon the court entered judgment dis-

missing plaintiff's cause of action. Motion for a new trial having been overruled, plaintiff appeals.

The ultimate question presented is whether the court erred in its instruction to the jury. At the outset it seems necessary to determine the theory on which the action is founded as disclosed by the petition. In defendant's brief it is suggested that the petition is based upon the theory that defendant contracted and agreed to cure the plaintiff's hand, and failing to do so there was a breach of contract. In plaintiff's brief it is argued, *inter alia,* that the defendant was negligent in his diagnosis in determining that an operation should be performed. Plaintiff also argued that defendant was negligent in the actual performance of the operation.

An examination of the petition convinces us that it states a cause of action based upon the theory of the unskilful and negligent manner in which the operation was performed, rather than negligence in diagnosis. After describing the condition of plaintiff's hand and the undertaking on the part of defendant to exercise skill and care of a high degree and to operate on said hand and cure the same, the petition recites that the defendant "performed said operation in such a careless, negligent and unskilful manner, and set said bones and connected tendons, nerves and flesh in such unskilful manner," as to cause the plaintiff to lose control over the movement of his hand, etc., "all of which was due to the unskilful, negligent and careless manner in which said operation was performed."

In practically the same language, two subsequent operations, which were performed on plaintiff's hand, were described. In still another paragraph, the petition recites that "the careless, negligent and unskilful manner in which defendant performed said several operations" had caused the plaintiff to lose the entire use of his right hand. Nothing is said in the petition as to any negligence or lack of skill in forming a judgment that an operation was the proper treatment.

McDaniel v. Wolcott.

The record shows that on February 5, 1922, plaintiff suffered a Colle's fracture of the right wrist. The fracture was reduced in the usual manner and in the course of time the splints and cast were removed. At that time the alinement of the hand was in proper condition, but the movement of the wrist joint was somewhat impaired; the backward extension being considerably restricted, due to a deposit formed on the bones of the wrist. Whether this was due to an improper reduction of the fracture or to other causes is unnecessary to consider. Plaintiff's wrist grew stronger and in the late summer he engaged in some work which required the use of said hand. According to the record the movement of his wrist was impaired from 40 to 50 per cent.

In the latter part of November, 1922, plaintiff consulted defendant concerning his wrist, and a few days later submitted to an operation performed by defendant which involved cutting away a wedge-shaped portion of the bone at the wrist joint. This operation proved unsuccessful, an infection of the bone set in which necessitated two subsequent operations and ultimately resulted in the practical loss of the use of plaintiff's hand.

Was defendant liable in damages for the bad results? The rule is well established in this jurisdiction that physicians and surgeons do not impliedly warrant the recovery of their patients and are not liable on account of any failure in that respect unless through default of their duty. *Booth v. Andrus*, 91 Neb. 810. The rule is also established that— "Physicians and surgeons are not required to possess the highest knowledge or experience, but the test is the degree of skill and diligence which other physicians in the same general neighborhood and in the same general line of practice ordinarily have and practice." *Booth v. Andrus*, 91 Neb. 810; *Kline v. Nicholson*, 151 Ia. 710.

A number of surgeons testified in behalf of defendant and all of them approved the method of treatment adopted by him. They testified that the practice followed by him was the usual and ordinary course in orthopedic surgery.

There was no physician or surgeon called on behalf of plaintiff who testified that the treatment adopted by defendant was not the usual treatment recognized and adopted by skilled surgeons in cases of that character.

The plaintiff's theory, so far as reflected by the testimony in his behalf, seems to be that the bad results alone were sufficient evidence of negligence to submit that question to the jury. In *Tady v. Warta*, 111 Neb. 521, the rule was stated as follows: "In an action against a physician for malpractice, where the acts charged as negligence require in their performance the exercise of professional skill and knowledge, and are such with respect of which a layman can have no knowledge at all, the jury may not draw the inference of negligence without the aid of expert testimony as to the quality of such acts to guide them; in such case the doctrine *res ipsa loquitur* has no application."

On cross-examination of one of defendant's witnesses, a surgeon, plaintiff developed that good practice, in cases of an operation of this character, would be to make a blood test. The same witness also testified that in such operations blood tests were not regarded as necessary and in his own experience he frequently operated without such tests. Other physicians testified that blood tests were not necessary and had nothing to do with the infection in this case. The physician who reduced the fracture and treated plaintiff in the first instance testified in his behalf and gave it as his opinion that a surgeon skilled in his profession would not have performed these three operations. The gist of his testimony went to the question of negligence as to whether the operation should have been performed, rather than to negligence in the performance of the operation. His testimony in this respect was not responsive to any issue presented by the pleadings.

Considering the evidence as a whole, there was a total lack of competent testimony tending to show that in the operation itself and the treatment thereafter there was any negligence on the part of the defendant. From what has

been said, it follows that the court did not err in instructing the jury to return a verdict for the defendant.

The judgment of the district court is

AFFIRMED.